THIRD NATIONAL BANK OF ST. PAUL *vs.* MARINE LUMBER COMPANY, impleaded, etc.

July 14, 1890.

**Contract of Agent made for and with his Principal.**—The rule that an agent cannot, by virtue of his general authority as such, bind his principal by a contract made by him, on its behalf, with himself, applied.

**Same—Notice of Agent's Want of Authority.**—Notice that the agent executing a note in the name of his principal is one of the payees named in it is notice of his want of authority.

Action brought in the district court for Ramsey county, on a promissory note for $5,000, against maker and indorsers, the former alone defending. At the trial before *Kelly*, J., upon the close of the evidence, each party asked that a verdict be directed in its favor. The defendant's motion was granted, and the plaintiff appeals from an order refusing a new trial.

*A. G. Otis*, for appellant.

*John D. O'Brien*, for respondent.

GILFILLAN, C. J. This action is upon a promissory note for $5,000, dated September 1, 1887, payable in 90 days to the order of Rood & Maxwell, purporting to be executed by the defendant the Marine Lumber Company, a corporation, by J. C. Maxwell, and indorsed by Rood & Maxwell to the plaintiff. The defence is that Maxwell had no authority from the lumber company to execute the note in its name. On the trial the evidence established, beyond any question, these facts: The note was executed and indorsed in renewal of a precisely similar note, except that it was dated April 29, 1887, and was payable in four months, which note was also indorsed by Rood & Maxwell to the plaintiff, and was held by it at the time of the renewal. J. C. Maxwell was president of the lumber company, and also a member of the firm of Rood & Maxwell. That firm were, and for two or three years before the note of April 29th had been, customers of the plaintiff to a large amount; so that it is to be presumed the plaintiff then knew that J. C. Maxwell was

a member of the firm, and also president of the lumber company. As·to what took place when the plaintiff took that note, the only evidence was that of plaintiff's president, as follows: "Mr. Maxwell came to me, stating that he had a note of the Marine Lumber Company that he wanted me to discount,—describing the note, its amount, and time. I asked him the question, 'How do the Marine Lumber Company come to owe you any money?' to which his reply was that he had exchanged notes with the Marine Lumber Company, and they had gotten the money on his note, and that it was *bona fide* indebtedness of the Marine Lumber Company to him. On the strength of that representation, I discounted the paper, and placed the proceeds to the credit of Rood & Maxwell." The renewal by taking the note in suit was on the application of Rood & Maxwell, not of the lumber company. The original note was charged to Rood & Maxwell in the account-books of the lumber company, kept in the office of the firm and by their clerk. No entry of the renewal note appears to have been made in the books. It does not appear that any officer, director, or stockholder of the company, except Maxwell, knew of any of these transactions, or saw the entry in the books, until the renewal note fell due. Maxwell managed the business of the lumber company generally, and executed its checks and notes. No other authority in him to execute the two notes above mentioned appears.

The case comes directly within the rule that an agent cannot, by virtue of his general authority as agent, bind his principal by a contract made by him, on behalf of such principal, with himself. The case illustrates the wisdom of that rule. The reason for the rule is that to permit such a thing would allow an agent to place his private interest in antagonism to his duty to the principal, in which case—for men cannot always resist temptation—duty might fall. The law will not permit agents, or those acting in a trust relation, to subject themselves to such temptation, and, to prevent it, avoids such contracts, unless the principal or *cestui que trust* choose to abide by them. If we were to suppose that issuing the note of this corporation merely for the purpose of its being discounted by and for the sole benefit of the payee came within the general scope of its corporate business, and so within the general authority of its managing

agent, still the rule of law would except from the authority the right to execute its note for such purpose to himself, or, what is the same in effect, to the firm of which he was a member.

On the matter of notice to plaintiff of this defect, there can be no question. The note, on its face, conveyed notice that one of the payees had assumed, as agent, to bind the corporation by the execution of its note to himself, or, what was the same thing, to his firm, which he could not do by virtue of any general authority as its agent. That made it the duty of the plaintiff, before taking the note, to ascertain that the agent had express authority to execute it.

Order affirmed.