LYONS–THOMAS HARDWARE COMPANY ET AL. V. PERRY
STOVE MANUFACTURING COMPANY ET AL.

No. 145.

**1. Case Adhered to—Insolvent Corporation.**

Lyons-Thomas Hardware Company v. Perry Stove Manufacturing Company, 86 Texas, 143, adhered to. An insolvent corporation having ceased to do business, can not make a mortgage by which it gives a preference to some of its creditors over others.......................................... 482

**2. Evidence of Insolvency.**

The record shows, that the company (plaintiff in error) at the time of executing the deed of trust was largely indebted; that to secure a part of its creditors only, it conveyed and delivered to the trustee all of its assets, with power to convert them into money, and to apply the money to payment of the debts named. This was evidence of insolvency, authorizing a finding of insolvency..................................................... . 483

**3. Simple Contract Creditors.**

An insolvent corporation having attempted, by deeds of trust, to direct the proceeds of sale of its assets to favored creditors, the unsecured, although only simple contract creditors, could maintain suit to avoid such deeds of trust, and to restore the property to the trust fund created by law in its assets as an insolvent corporation, for benefit of its creditors. It was not necessary that such claims should be matured into judgments before action to protect the fund .............................................. 483

**4. Joinder of Causes of Action.**

In suit against a trustee and certain beneficiaries, to avoid the deed of trust and to restore the fund directed thereby to its lawful purpose under orders of the court, it was proper to join in the suit the beneficiaries to whom the trustee had paid money under the trust deed sought to be annulled....... 483

5. Parties—Trustee.

In suit to set aside a deed of trust preferring creditors, made by an insolvent private corporation, the beneficiaries in the trust are not necessary parties; the trustee represents all the creditors for the purpose of sustaining the deeds under which he holds for their benefit............ ................ 484

6. Case Limited.

Preston v. Carter Bros., 80 Texas, 388, overruled, so far as in conflict with Hudson v. Milling and Elevator Company, 79 Texas, 401................ 484

7. Pleadings.

In suit by unsecured creditors against the trustee to set aside the deeds of trust, the beneficiaries named in the trust deeds intervened, each setting up his claim and asking payment. In progress of the litigation the trustee converted the assets into money, and distributed the funds, under orders of the court, in accordance with the trust deed. By amendment the plaintiffs alleged, "that they were not sufficiently informed as to whether payments had been made by the trustee to the intervenors to enable them (plaintiffs) to allege the fact of payment or the amount so paid, but prayed that the two banks (intervenors) be required to produce in court the money paid to each." This was sufficient to notify the banks of what was sought to be enforced against them. It was competent, under this state of the pleadings, to show what sums the trustee had paid to each, and to render judgment therefor ........................ ........................ 485

8. Void Order Will Not Protect a Receiver or Trustee.

A trustee is bound to know the law, and must act at his peril in the execution of a void order; if the invalidity arises from the want of power in the judge to make the order at the time it was made, it will not protect the trustee ....................................................... 486

9. Trustee—Receiver.

Upon application for appointment of a receiver, the district judge in vacation continued a trustee in control of the property in litigation; prescribing bond, inventory, reports, etc., substantially as if receiver had been appointed expressly. This was but an irregularity, and the appointment was substantially a receivership.................................... 486

10. Power of District Judge in Vacation.

A judge of the District Court in this State has no power to adjudicate the rights of litigants except at the times and places prescribed by law for holding courts, unless the authority is conferred by statute. Such adjudication in vacation is void......................................... 486

11. Suits Against Receiver.

A creditor firm brought suit against the trustee, setting up claim to part of the property. Pending this suit, the plaintiff joined with others in the suit to set aside the trust deeds and for appointment of a receiver. It was not error to permit said plaintiff to dismiss the latter suit and prosecute the suit first brought. As suit can be maintained against a receiver after his appointment without leave of the court, so a suit pending at his appointment could be prosecuted without such leave..................... 487

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Lamar County.

This suit was originally brought November 20, 1889, by appellees, Perry Stove Manufacturing Company, and six other simple contract creditors of the Lyons-Thomas Hardware Company, in what they termed "a creditor's bill," setting up that the said hardware company

was an insolvent private corporation, and had, on November 9, 1889, executed to L. P. Harrison, trustee, three mortgages to secure certain debts covering all of its property and giving preferences; that the Baker Wire Company had sequestered a part of the assets, making the hardware company, the trustee, and the Baker Wire Company parties, and praying for an injunction; that a receiver be appointed; that the mortgages be set aside, and the fund distributed as a trust fund among the creditors without preferences.

A temporary injunction was granted by the district judge at chambers, November 20, 1889, and notices ordered to be issued for all of said parties to appear before him on November 29, 1889, to answer said petition, and show cause, if any they have, why a receiver should not be appointed as prayed for.

Upon the hearing, November 29, 1889, all the defendants answered under oath, and the creditors secured under the first mortgage made themselves parties, and, with the trustee, set up the mortgages, and prayed that he be allowed to administer the trusts and to execute the same under the direction of the court. The case was fully heard before the court upon the questions growing out of the application for injunction and receiver, and the court rendered its judgment dissolving the injunction, declaring the mortgages to be valid and the security good, refusing the plaintiffs' application for a receiver, and granting the application of the defendants and intervenors, that the trustee, L. P. Harrison, be allowed to administer the trusts under the order and direction of the court in the nature of a receiver, ordering that he execute bond in the sum of $85,000, conditioned that he would faithfully execute the trusts and pay over to the secured creditors the money as in the mortgages directed, appointing appraisers to inventory and appraise all of the said property, and directing that the trustee make his report at the next regular term of the District Court, and directing the clerk to enroll the decree upon the minutes of the court. To which action of the court the plaintiffs excepted, and filed bill of exceptions thereto. This decree was duly signed by the judge and enrolled by the clerk, and at the following term, no objection being made thereto, it was duly approved and signed with the other minutes of the court, and became one of its judgments and decrees. The case was kept on the docket. The trustee gave bond for $85,000, as required. The inventory was duly filed and approved, and the trustee administered the trusts under the direction and orders of the court, sold the property and paid the proceeds upon the mortgage debts as ordered and directed by the court, and at the following term filed his accounts, showing how he had executed the same, and asked to be discharged.

The plaintiffs took no further action in the case, and made no effort to have the decree of the court set aside until all the property had been sold and the proceeds applied to the payment of the secured debts under the order of the court, when, on August 7, 1890, the plaintiffs and a number of other creditors filed what they termed a "first amended

original petition," setting up, that Shovelling, Daily & Gales, and eighteen other creditors of the Lyons-Thomas Hardware Company, had obtained judgments against it; that the mortgages were invalid, and the trustee had refused to pay any except the secured debts; that the members of the hardware company owed large amounts of unpaid stock; that the court had rendered its decree and directed that the trust be executed by the trustee, L. P. Harrison, under the direction of the court, and that he give bond for $85,000, which he did give; that he had wasted the funds, and praying judgment against him on the bond; that the funds be divided, etc.

On March 30, 1891, the plaintiffs filed a second amended original petition, in which they seek judgment setting aside the mortgages, and against the trustee for conversion, waste, and devastavit, and also against the stockholders of the corporation for unpaid stock; and, without alleging any payments by the trustee, ask judgment against the two banks and L. P. Harrison. The answers and pleas of intervention set up the mortgages and their validity, and the execution thereof by the trustee under the orders of the court.

The case was tried before the court, and on April 9, 1891, the court overruled the demurrer and exceptions of the defendants and intervenors to plaintiffs' petition, and sustained the plaintiffs' demurrer and exceptions to the answers of defendants and pleas of intervention by intervenors, to which they excepted, and rendered judgment in favor of plaintiffs against the trustee, L. P. Harrison, for $57,529.44, the full amount of the proceeds of the sale of the property, less his costs, expenses, and commission for selling. Also a judgment in favor of plaintiffs against the Farmers and Merchants Bank for $48,193.70, the amount of said money paid to it by said trustee on its debt. Also a judgment against the Paris Exchange Bank for $7508.10, the amount of said money paid to it by said trustee on its debt, decreeing that the mortgages were void; that the fund be paid into court, dismissing the Baker Wire Company from the case, etc. Defendants and intervenors excepted and gave notice of appeal. The appeal was perfected, and the judgment was reformed and affirmed by the Court of Civil Appeals. [Brief of appellants.]

While the appeal was pending, the Court of Civil Appeals certified to the Supreme Court the main question, and that court, in response, held, that "an insolvent corporation which had ceased to do business, or which, by the making of an instrument conveying all of its property, incapacitates itself for continuing its business, can not make a mortgage or deed of trust by which it gives a preference to some of its creditors over others." 86 Texas, 143.

The petition for writ of error complained, 1. That the Court of Civil Appeals erred in "denying the Lyons-Thomas Hardware Company the same rights as an individual in disposing of its property by way of mortgage to secure its debts, and in holding that the question certified in this case to the Supreme Court, 'whether or not a preferential

deed of trust executed by a private trading corporation, chartered in July, 1884, under the general laws, after it has become insolvent and consequently ceased to carry on its business, without any intention of resuming the enterprise, is void as against the unsecured creditors of such corporation,' was based upon findings of the court fully sustained by the evidence in the record; and that the answer of the Supreme Court to this question * * * was conclusive, and settles the question, and that therefore the mortgage by the hardware company to secure appellants was void—for the reasons:

"(1) The question certified to the Supreme Court was an abstract question. How the question arose in the record, and the evidence in the record upon which the same was predicated, was not stated in the certificate, so that the question or case presented by the record could be decided by the Supreme Court.

"(2) The questions raised by the first and fifth assignments of error were not necessarily concluded by an answer to the question raised by the fourteenth assignment of error.

"(3) The evidence in the record does not sustain the finding of the District Court, or the question as certified to the Supreme Court. The first assignment calls in question the action of the court in overruling the general demurrer filed by the two banks and others to appellees' second amended original petition. The effect of this demurrer was to challenge the legal sufficiency of appellees' petition in stating a cause of action against the banks and the other parties. The fifth assignment calls in question the action of the court in sustaining the plaintiffs' demurrer to the answer of the two banks and Gunn and others (setting up the circumstances attending the mortgage and proceedings under it).

"The undisputed evidence in the record shows, that at the time the chattel mortgage was given by the Lyons-Thomas Hardware Company to secure the two banks and W. J. Gunn and others, it only embraced a part of the company's property. That the president and other officers of the company then thought the company solvent; that they had no intention or idea of the company ceasing to prosecute its enterprise, but believed that they would be able to arrange their matters and *go ahead*.'

2. There was error "in holding, that the simple contract creditors could maintain a creditors' bill against an insolvent corporation and other parties holding liens on the property of the corporation to set the lien aside, and in holding that the following allegation, 'the above named plaintiffs, with many others, being creditors of the said company, whose names, the amount of their respective claims, the rate of interest, and whether judgment creditors or otherwise, will be shown in Exhibits A, B, C, and D,' was sufficient, as it showed plaintiffs to be creditors of the company. Because an exhibit can not take the place of an allegation. nor relieve the pleader from the necessity of making proper allegations upon which to base a recovery."

3. "The Court of Civil Appeals erred in overruling the assignment of error which raised the question of the misjoinder of causes of action, and in holding that it was unnecessary to determine whether the ruling of the court was erroneous or not, and in holding that no harm was done appellants by such ruling. Because there is directly presented the question, whether a suit against a trustee for devastavit and misapplication of trust property can be joined with an equitable suit to follow the property or its proceeds into the hands of third parties. It was alleged in the petition, that the trustee had been guilty of waste and devastavit in selling the property under the order of the court, and judgment was sought and obtained against him on this ground alone for the full amount he received for the property, less his expenses and commissions. A judgment against him for obeying the order of the court, while at the same time allowing him his commissions and expenses in carrying out this so-called void order."

4. The court erred "in holding, that the beneficiaries in a deed of trust which was sought by a suit to be set aside were not necessary parties to such suit; and the court erred in holding, that in such suit the trustee alone represents them all and can defend for all, and that the deed of trust can be set aside in a suit against the trustee alone."

5. The court erred "in permitting, over objections, witnesses to testify that the proceeds of the trust property were paid over to the Farmers and Merchants Bank and the Paris Exchange Bank. Because there were no pleadings to authorize such evidence; there was no allegation that either of the banks had received a dollar of said trust money."

6. "The finding of the trial court (sustained by the Court of Civil Appeals), that the said company was entirely insolvent at the time it executed the deeds of trust and the mortgage to secure plaintiffs in error, was against the evidence. The undisputed evidence in the record, the testimony of Record and Lyons, shows that it was not insolvent. The finding of the District Court, that the entire assets of the company amounted to $60,306.75, is directly in the face of the undisputed testimony of L. P. Harrison, who testified, that the stock invoiced at cost and carriage, $70,000; that the company had two storehouses in Paris, Texas, worth $6000 or $7000 each, and other property, real estate, notes, and accounts. And the finding, that at the time said company executed the mortgage it intended to cease doing business, was without any evidence to support it. All the evidence on this point in the record is the testimony of Record, who testified, that it was the expectation and intention of the officers of the company, at the time the mortgage was given, to arrange the business of the concern and *go ahead.*"

7. The court erred "in holding that the order of the district judge of Lamar County, November 29, 1889, appointing said Harrison as trustee, or custodian, or receiver of the property of the Lyons-Thomas Hardware Company, and ordering him to sell said property, pay off preferred debts, and pay the balance into court, and that he settle with

and account to the court for his action in the premises, was absolutely void; and that the judgment against Harrison for $57,529.44 was not erroneous. Because said order having been made in a proceeding commenced by defendants in error for an injunction and the appointment of a receiver, and the jurisdiction of the judge of the court having been rightfully called into action, and having once attached, its orders could at most only be voidable or erroneous. The court had, prior to this order, granted an injunction in the case on petition of defendants in error, and cited plaintiffs in error, or a part of them, to appear on the 29th of November, 1889, and show cause why a receiver should not be appointed. At the hearing, the beneficiaries in the mortgages intervened and asked the court to take charge of the trust, require the trustee to inventory the property, and give bond; order the property sold for its preservation, and require the trustee to carry out the trust under the direction of the court, and that the injunction be dissolved. At this hearing, and under these proceedings, the order was made which the court holds to be a nullity. Besides, this order, in pursuance of the statute, was entered upon the minutes of the court at the next term, was acquiesced in by defendants in error, and no attempt made to set it aside until it was carried out; was recognized by the District Court both in vacation and term time, in giving directions to the trustee, ordering him to pay out money, and approving his accounts; and was recognized in the final judgment by allowing the trustee his commissions and expenses and approving his final account; yet the court rendered judgment against him for nearly $5000 more than the entire proceeds of the property after deducting the expenses allowed, and the Court of Civil Appeals affirms that judgment. The order of the court in vacation could not have been absolutely void. It might have been erroneous or voidable, and subject to be set aside, or it might have been void in part. But certainly so much of the order as was for the preservation of the property and converting it into money, could not be void.''

8. The Court of Civil Appeals errred "in holding that judgments were properly rendered against the Farmers and Merchants Bank and the Paris Exchange Bank. There was no allegation in the petition or pleadings to authorize such judgments against said banks for any amount whatever. The petition was not even a bill of discovery, which has been rendered obsolete by the statute which authorized the taking of depositions of parties to suits. It was an attempt to follow trust funds into the hands of third parties. In order to show a cause of action against these third parties, it was necessary to allege that they had received trust funds with notice, stating the amount they had received, either alleging it as a fact, or stating it upon information and belief. The only allegation in the petition bearing upon this question is as follows: 'Plaintiffs further state, that they are not sufficiently informed as to whether the said L. P. Harrison has or has not paid off any of said preferred claims or any part thereof, to allege

that he has or has not done so; but they allege, that if any payment has been made by him out of the assets of said company to any preferred creditor or creditors, or to any other person, the creditor or person who received it did so with full knowledge of the pendency of this creditor's bill, and that no such payment or payments were made, if at all, until subsequent to the 29th of November, 1889, and was paid to a person or persons then defendant or defendants, intervenor or intervenors, in this bill.' This stated no cause of action whatever, legal or equitable, against the banks, and is what our Supreme Court denominates a *fishing bill.*   Ewing v. Duncan, 31 Texas, 57."

9.  The court erred "in holding that there was no error in the trial court permitting the Baker Wire Company to withdraw from the suit; because the record shows, that said Baker Wire Company voluntarily made itself a party to the proceedings—joined in the application for the appointment of a receiver and to administer the property of the hardware company as a trust fund for the payment of its creditors—which was absolutely inconsistent with its claim to specific property, and the court below on the trial allowed it to withdraw its pleadings and appearance in this case, without prejudicing its rights to prosecute its suit for specific property, after the property had been sold under the order of the court, and after plaintiffs in error, including the trustee, had filed pleadings over against the said Baker Wire Company and the other defendants in error, setting up res adjudicata, and praying that these orders and judgment of the court against all the defendants in error, including the Baker Wire Company, be held res adjudicata."

10.  The court erred "in its judgment affirming and reforming the judgment of the trial court, in this:  Harrison was recognized by the District Court as its trustee or officer under bond and under its orders, and even up to the final approval of his accounts, in allowing his commissions for the sales made by him under the orders of said court; and yet the Court of Civil Appeals affirmed the judgment against him for the entire amounts paid out by him under the orders of the court, with interest thereon, which amounts to more than he paid out together with the commissions thereon; and without protecting him or the other plaintiffs in error from the suits of the Baker Wire Company and other plaintiffs in suits brought against said trustee, Harrison, and the other plaintiffs in error, for the recovery of specific portions of said property, aggregating the sum of $9385, which had already been sold under the orders of the District Court, and the proceeds of which he is required to account for and pay over in this case, leaving nothing in his hands to pay with, if they should recover against him. The Court of Civil Appeals should have reversed the judgment of the District Court and have required said parties to intervene in this suit, that their claims to specific portions of said property so sold under the orders of said court could be adjudicated and settled in this suit, to the end that if said trustee, Harrison, is liable for the full amount of the

proceeds of the sale of said property, that he shall not be required to account for said amount twice."

The facts involved in the discussion are set out in the opinion of the court.

*Dudley & Moore, S. B. Maxey,* and *Denton & Long,* for plaintiffs in error.—1. Power of the corporation to prefer creditors: Rev. Stats., art. 577; 1 Mora. on Corp., secs. 320, 342, 349, 1004; Land Investment Co. v. McClelland, 86 Texas, 179; Sabin v. Lumber and Fuel Co., 34 Pac. Rep., 692; Walker v. Miller, 59 Fed. Rep., 869; Bank v. Sacht-leben, 67 Texas, 425; Bunch v. West, 134 Ill., 258; Barnam v. Hart, 119 N. Y., 101; Paulding v. Chrome S. Co., 94 N. Y., 335; Hollins v. Coal and Iron Co., 150 U. S., 371; Bank v. Salt and Lumber Co., 90 Mich., 345; Buell v. Buckingham, 16 Iowa, 284; Hospes v. Car Co., 48 Minn., 192; Brown v. Furniture Co., 58 Fed. Rep., 286; Alberger v. Bank, 27 S. W. Rep., 657.

2. Rights of simple contract creditors: While the jurisdictions of equity and law are blended under our system, yet the rules and principles which govern courts of equity in equitable proceedings, which require a party to exhaust his legal remedy first, are held to obtain under our practice. Duck v. Peeler, 74 Texas, 268; Lynn v. Le Gierse, 48 Texas, 140; Ferguson v. Herring, 49 Texas, 126.

The suit was not brought under any statute of this State authorizing a creditor's bill by simple contract creditors. Hence the question must be determined by the principles which govern and control courts of equity. The jurisdiction in equity attaches only when the creditor's legal remedies have proved inadequate. The remedy at law must be pursued and exhausted as against the corporation, before a bill can be maintained to set aside a mortgage given by the corporation, and marshal and administer the property as assets of the corporation. Hollins v. Coal and Iron Co., 150 U. S., 371; Scott v. Neely, 140 U. S., 106; Hatch v. Dana, 101 U. S., 205; Taylor v. Bronker, 111 U. S., 110; Public Works v. Columbia College, 17 Wall., 521; McMurtry v. Montgomery Masonic Temple Co. (Ky.), 5 S. W. Rep., 572; Wiggins v. Armstrong, 2 Johns Ch., 144; Brinkerhoff v. Brown, 5 Johns. Ch., 661; Wait on Insolvent Corp., secs. 34, 86, 157, chap. 4; Wait on Fraud. Con. and Creditor's Bill, sec. 75, note, and authorities cited; Cassaday v. Anderson, 53 Texas, 537; Pool v. Sanford, 52 Texas, 521; McDonald v. Railway, 60 Texas, 590.

3. Misjoinder of causes of action: Causes of action which may be joined must be such as plaintiff may enforce against each of the defendants; an action ex delicto and an action ex contractu can not be joined. A suit against a trustee for misapplication and devastavit of trust property is wholly inconsistent with a creditor's bill to reach and marshal equitable assets. Stewart v. Gordon, 65 Texas, 344; Bank v. Investment Co., 74 Texas, 421; Wood & Lee v. Hollander, 84 Texas, 397.

4. We next call attention to the holding of the Court of Civil Appeals, that all the beneficiaries in a deed of trust or mortgage were not necessary parties defendant in a suit to set aside such mortgage or the preferences therein. The Court of Civil Appeals relies on Preston v. Carter Bros., 80 Texas, 388, in support of its opinion. The instrument in the case cited by the court was held to be a general assignment under our statute. It was therefore held, that in a suit by a creditor against a trustee holding under a general assignment, to compel the administration of the trust under and in accordance with the assignment law, it was not necessary for the preferred creditors to be made parties. This decision is not in conflict with the former decisions of this court. Cases of general assignments constitute one of the exceptions to the rule, that in suits against the trustee to recover the trust property, or in suits to set aside and have declared void a mortgage or deed of trust, the beneficiaries are necessary parties. Ebell v. Bursinger, 70 Texas, 122; Hudson v. Milling Co., 79 Texas, 401. One or more creditors may file the creditor's bill (Dan. Ch. Prac., 236, 237); but all the grantees or mortgagees in a suit to set aside the conveyance or mortgage must be joined and made parties, otherwise you take away the security and rights of parties who are not before the court. Sage v. Mosher, 28 Barb. (N. Y.), 287; Gray v. Schenk, 4 N. Y., 460; Jackson v. Robinson, 64 Mo., 289; Wait on Fraud. Con., sec. 131; Story Eq. Plead., secs. 207, 216.

5. We next call attention to the ruling of the Court of Civil Appeals affirming the judgment of the District Court, holding that judgment was properly rendered against the Farmers and Merchants Bank and the Paris Exchange Bank, and that there was no error in the trial court in overruling appellants' objections to the testimony of L. P. Harrison and T. J. Record, showing the amounts received by said banks respectively from the proceeds of the sale of the hardware company's property by the trustee.

It has been held by this court, that no cause of action exists in favor of creditors against even a fraudulent grantee or mortgagee to recover a personal judgment for having obtained and received property from a debtor under a fraudulent conveyance or mortgage; that the creditor's remedy is by attachment or garnishment, by which the property is levied upon or its proceeds reached. Blum v. Goldman & Son, 66 Texas, 622; Le Gierse v. Kellum & Rotan, 66 Texas, 242. Not having secured any lien upon the property of the hardware company by the levy of any legal process, the only ground upon which the appellees could claim to have a cause of action against these banks is, that they had a lien in equity on the property of the hardware company, and that these banks, with notice of such lien, or chargeable with notice under the law, took, obtained, or received said property or its proceeds, or a part thereof, alleging what they each had received, either as a fact or upon information and belief. On the question of this lien in equity, the Supreme Court of the United States, in Hollins v. Brierfield

Coal and Iron Company, says: "Neither the insolvency of the corporation, nor the execution of an illegal trust deed, nor the failure to collect in full all stock subscriptions, nor all together, gave to these simple contract creditors any lien upon the property of the corporation, nor charged any direct trust thereon." 150 U. S., bottom of p. 385. Mr. Pomeroy, in speaking on this subject, says, they "are not in any true and complete sense trusts, and can only be called so by way of analogy or metaphor." 2 Pom. Eq. Jur., sec. 1046.

But admitting that there was a trust or equitable lien on this property in favor of appellees and all the other creditors of the hardware company, is it not necessary, to obtain a judgment against these banks, that the petition state a cause of action against them, by alleging that the banks had taken or obtained possession of the trust property, or received its proceeds? The liability of the adverse party must be alleged, as for example, that the defendant, when sued as surviving widow, received assets subject to execution. Steptoro v. Martin, 2 Ct. App. C. C., sec. 755.

That the contract of the wife, who is sued, was for the benefit of her separate property: Trimble v. Miller, 24 Texas, 214.

That defendant has possession of property claimed by plaintiff, or on which plaintiff has a lien: Newsom v. Beard, 45 Texas, 151.

How defendant is liable for debts of his ancestor: Green v. Rugely, 23 Texas, 539; Ansley v. Baker, 14 Texas, 607.

Every issuable fact necessary to be proven must be alleged: P. E. Co. v. Darnell, 62 Texas, 639; Mims v. Mitchell, 1 Texas, 443; Coles v. Kelsey, 2 Texas, 541; Loonie v. Frank, 51 Texas, 406.

There is no allegation in the petition that either of the banks ever received one dollar of this so-called trust fund, or any of the property of the hardware company. The petition simply shows that they, with other parties, were preferred in the chattel mortgage. Story Eq. Jur., secs. 1257, 1258, 5533.

The plaintiffs' second amended original petition, after charging the trustee, L. P. Harrison, with the conversion, devastavit, waste, and mismanagement of the trust funds which went into his hands, alleges, concerning the disposition of the proceeds, as set out in paragraph 8 of assignments of error. This pleading would have been bad as a bill of discovery, because it does not seek even a discovery of any specific property or fund. However, a bill of discovery does not obtain under our practice. Cargle & Dennis v. Kountz Bros., 86 Texas, 386. It is a fishing bill. Ewing v. Duncan, 81 Texas, 237.

In Texas, our rules of pleading are regulated by statute, and they are clear and easily understood. The proof must correspond to the allegations in the pleading. Rev. Stats., art 1195; Mims v. Mitchell, 1 Texas, 443; Carter v. Wallace, 2 Texas, 206; Forbes v. Moore, 32 Texas, 196; Newsom & Co. v. Beard, 43 Texas, 156; Mayton v. Railway, 63 Texas, 78; Mann v. Falcon, 25 Texas, 276; Brinkley v. Hawkins, 48 Texas, 225; Wheeler v. Wheeler, 65 Texas, 573.

6. Where a court of equity or chancellor obtains jurisdiction of the parties and of the subject matter, and renders its decree or makes an order appointing a trustee in the nature of a receiver and places him under bond, and orders such trustee to sell property in the custody of the court and to apply the proceeds to the payment of certain debts and claims, such decree is a full protection to the trustee.

There can be no question, that under our statutes the court or judge thereof had full power and authority to hear the application for the injunction and the appointment of a receiver. Rev. Stats., arts 650, 1461, 2891; Blum v. Wettermark, 56 Texas, 80. The trustee and the intervenors having in a cross-action set up that the property was liable to waste and deteriorate, and prayed that L. P. Harrison, the trustee in the mortgages, for his own protection and the protection of the property, be made the trustee of the court, this was done, and he was ordered by the court to sell the property, etc. Did the court have jurisdiction to grant this order? Unquestionably it did. The jurisdiction and power of the court or judge having been rightly called into exercise by the injunction and application for a receiver, and having once attached, its orders made in the proceeding could not be void, and plaintiffs, fully recognizing such jurisdiction, have never for a moment attempted to set it aside.

The Revised Statutes, article 2891, say: "In all cases of injunctions, motions to dissolve the same may be heard after answer filed in vacation as well as term time. In such cases the proceedings upon such hearing, including the action of the judge upon the motions, shall be entered upon the minutes of the proper court by the clerk thereof, on or before the first day of the succeeding term of such court, and thereafter shall constitute a part of the record of the same."

The jurisdiction was not only given under this section of the statute, but likewise under article 1461, et seq., in both of which "the rules of equity shall govern whenever the same are not inconsistent with the provisions of this act and the general laws of the State." Arts. 1470, 2898.

What was the effect of this judgment? There can be no doubt that under the rules of equity practice, after its being signed by the judge and enrolled by the clerk "on or before the first day of the succeeding term," that it became as effectually a judgment of the court as if it had been rendered in term time. 2 Dan. Ch. Prac., 5 ed., p. 1019, and authorities cited in note; Freem. on Judg., sec. 135; Perry on Trusts, secs. 924, 926; Cannon v. Hemphill, 7 Texas, 196; White v. Mitchell, 60 Texas, 165; McFarland v. Hall, 17 Texas, 676; Merle v. Andrews, 4 Texas, 212; Callahan v. Grenet, 66 Texas, 237; Allen v. Huntington, 16 Am. Dec., 705.

7. Upon the allegation and proof by the trustee that different parties were claiming separate portions of the trust property in the custody of the court, such claimants should have been required to intervene and present their respective claims to the fund arising from the

sale of the trust property; and such decree rendered as would have settled the rights of all parties and protected the trustee. Edwards v. Norton, 55 Texas, 405; Russell v. Railway, 68 Texas, 646; Williams v. Armroyd, 7 Cranch, 423; Williams v. Benedict, 8 How., 107; Wiswall v. Samson, 14 How., 52; Taylor v. Carryle, 20 How., 584; French v. Hay, 20 Wall., 252; 3 Dan. Ch. Prac., 1984.

*Hale & Hale, T. S. Hill, A. P. Park, H. D. McDonald,* and *R. L. Ross,* for defendants in error.—1. It was unnecessary to obtain judgments and have the return of executions before filing the creditors' bill; besides, judgments were obtained before the final trial of the cause. In addition to our former brief in this case, we respectfully cite the opinion of Chief Justice Stayton, rendered in this cause, 86 Texas, 571; 2 Freem. on Ex., sec. 1416, note 4; Id., 2 ed., sec. 426; Reyburn v. Mitchell, 27 Am. St. Rep., 256, 257; Overmeyer v. Haywood, 31 Id., 660; Quarles v. Abbet, 52 Id., 662, and note; Talley v. Curtain, 54 Fed. Rep., 43; Case v. Beauregard, 101 U. S., 691.

2. The petition is sufficient; but if not, defendants and intervenors cured the defect in their pleadings. In Harrison's supplemental answer, he expressly pleaded that he had paid the money to the two banks. All the defendants and intervenors adopt all the answers filed by any of the defendants or intervenors. See their allegations. Their fifth bill of exceptions shows, that they ask the court to find that the money had been paid to the banks. In their pleadings, the banks pray that the money be paid to them. See opinion of the Court of Civil Appeals in this case. McFarland v. Mooring, 56 Texas, 118, 119; Hill v. George, 5 Texas, 88; Grimes v. Heygood, 19 Texas, 246; 2 Ct. App. C. C., sec. 450.

3. Only a general demurrer was filed to said petition, and no special exception on the point now raised. Day Company v. The State, 68 Texas, 535, 536; Rule 18 for District Courts; 47 Texas, 620; 84 Texas, 711; Robinson v. Davenport, 40 Texas, 341, 342; Gould's Plead., chap. 3, p. 154.

4. To hold that the banks are not liable, would be to throw the whole judgment on Harrison and his sureties on his appeal bond.

5. As to the validity and force of exhibits in connection with the petition, we respectfully refer the court to the case of Rice v. Lemon, 16 Texas, 593, where it is shown that both must be looked to.

6. On misjoinder of causes of action, see Railway v. Graves, 50 Texas, 181.

BROWN, ASSOCIATE JUSTICE.—The District Court found conclusions of fact, which were adopted by the Court of Civil Appeals, and are in substance as follows:

The Lyons-Thomas Hardware Company, a private corporation organized under the laws of Texas, being insolvent, on the 9th day of November, 1889, made three deeds of trust, by which it conveyed to L.

P. Harrison all its property and assets of every kind, to secure certain named creditors, L. P. Harrison, the Farmers and Merchants Bank of Paris, the Exchange Bank of Paris, and others who are defendants, being embraced in the deeds, as well as some who are not parties to this suit.

The corporation owed more than $100,000, and the amount realized from its assets was $60,306.57. There was a large amount of its debts that were not secured by these deeds of trust. The Baker Wire Company sued out against the trustee a writ of sequestration, seizing a part of the property transferred.

The Perry Stove Manufacturing Company and other simple contract creditors filed suit in the District Court of Lamar County against the Lyons-Thomas Hardware Company, L. P. Harrison, Baker Wire Company, and the officers and stockholders of the corporation, the Lyons-Thomas Hardware Company, seeking to set aside the deeds of trust and have the property distributed to pay all the debts of the corporation, to recover of the stockholders the amounts unpaid on their stock, and praying an injunction against the trustee to prevent and enjoin the sale and disposition of the property under the deeds of trust. The petition also asked the court to appoint a receiver for the corporation.

The district judge granted a temporary writ of injunction, and set the hearing of the application for a receiver for the 29th day of November, 1889, in chambers. The creditors secured by the first mortgage or deed of trust filed a plea of intervention, setting up their debts, and they and the Baker Wire Company filed answers under oath. The latter joined in the prayer for receiver. The Baker Wire Company subsequently, by leave of the court, withdrew its answer, and was dismissed from the suit.

Upon hearing in vacation, the judge refused to appoint a receiver, but declared that the deeds of trust were valid; and upon the prayer of the trustee and creditors, ordered that the trustee, Harrison, proceed to administer the trust under the deeds of trust; that he give bond in the sum of $65,000, conditioned that he would faithfully execute the trust, and pay over to the secured creditors the money as in the deeds of trust directed; appointed appraisers to inventory the property, and directed the trustee to make report at the next regular term of the court. The clerk was ordered to record the decree upon the minutes of the court, which was done. The minutes were approved by the court at the next term, and signed, embracing the decree made in vacation. The trustee gave the bond, which was approved, the inventory returned, the property sold, and the proceeds applied by him to the payment of the secured debts as directed by the court. He made his report at the following term, and asked that he be discharged. At the time the order was made in vacation the plaintiffs excepted, took a bill of exceptions signed by the judge, and filed it among the papers of the case. Nothing further was done by the plaintiffs until in October, 1890, when a first amended original petition was filed, alleging,

that they and a number of others had recovered judgments against the Lyons-Thomas Hardware Company. This petition repeated the allegations of the former petition, and alleged that the trustee had wasted and mismanaged the estate, praying judgment for the distribution of the funds among all the creditors.

Other pleadings were filed subsequently, which will be noticed, in so far as they affect the questions presented, under the different assignments of error.

Upon final trial before the court the deeds of trust were held to be void, and judgment was entered against the trustee, Harrison, for funds that came into his hands, less his commissions and costs of administering the trust, and against the Farmers and Merchants Bank and the Paris Exchange Bank, each for the sum paid to it. The judgment of the District Court was reformed and affirmed by the Court of Civil Appeals, and the plaintiffs in error present the case to this court upon objections to the judgments of the District Court and Court of Civil Appeals, embracing in substance these propositions:

1. That the court erred in holding that an insolvent corporation could not make a valid mortgage with preference to a portion of its creditors.

2. That the undisputed evidence shows that the Lyons-Thomas Hardware Company was not insolvent, and the court erred in so finding.

3. That simple contract creditors could not maintain this character of suit.

4. That there was a misjoinder of causes of action.

5. That all of the beneficiaries in the deeds of trust were necessary parties to this suit.

6. That the court erred in admitting evidence as to the money paid by Harrison to the Farmers and Merchants Bank and to the Paris Exchange Bank, because there was no allegation to permit it; and that the court erred in entering judgment against said banks.

7. The court erred in entering judgment against Harrison, and holding that the order appointing him was void.

8. The court erred in permitting the Baker Wire Company to withdraw from the case.

In this case, upon a question certified by the Court of Civil Appeals, this court held, that an insolvent corporation, which had ceased to do business, or which by the making of an instrument conveying all of its property, incapacitates itself for continuing its business, can not make a mortgage or deed of trust by which it gives a preference to some of its creditors over others. Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co., 86 Texas, 143. We see no reason to change our opinion on that question.

It is asserted by plaintiffs in error, that there was no evidence to sustain the conclusion of the court that the Lyons-Thomas Hardware Company was insolvent at the time the deeds of trust were executed. It is true that some of the officers of the company stated that it was

not insolvent at that time. But the evidence shows, without doubt, that the company was largely indebted; that to secure a part of its creditors only, it conveyed and delivered to Harrison, trustee, all of its assets, with power to convert them into money and to apply the money to the payment of the debts named. If there was more than sufficient to pay all, why convey its entire property to secure the payment of a portion of its debts, leaving a large amount unprovided for? By these acts, which occurred within a few hours of each other, it declared in most unmistakable terms its inability to pay its debts, terminated its business, and having not a dollar with which to buy another stock of goods, no hope of resuming could exist, except upon the bare contingency of making a compromise with its creditors. There was not only evidence to sustain the conclusion that it was insolvent, and had ceased business without expectation of resuming, but the court could not in our judgment have found otherwise consistently with the facts.

The making of the trust deeds by the insolvent corporation was a violation of the trust which the law raised upon its insolvency, and this action was brought by beneficiaries of that trust to restore the funds to the trust estate and to place the property in the control of the court for proper distribution among those entitled thereto. Plaintiffs had a right to maintain the action, whether they had judgments or not. Dimmock v. Bixby, 20 Pick., 377. We do not deem it necessary to discuss this question at length, for the reason that the second amended original petition, upon which the case was tried, alleged, that all of the plaintiffs had recovered judgments during the pendency of the suit. If there was a defect in this particular in the original petition, which we do not believe to be true, the amendment cured it.

Plaintiffs in the second amended original petition set up that the stockholders owed large amounts for their stock, but did not pray judgment against them, and no judgment was entered against them. The petition sought to recover for the benefit of all the creditors of the corporation the value of the property that went into Harrison's hands, and the amounts paid to himself and to the two banks. These rights all grew out of the making of the deeds of trust and the proceedings thereunder in court. They were properly joined.

When the Lyons-Thomas Hardware Company, being insolvent, ceased to carry on its business, the law made its assets a trust fund to be held and administered by its officers and the courts for the benefit of all its creditors; each creditor became a beneficiary in that fund; the distribution was to be made under the law, and not under the deeds of trust that the company executed. The deeds of trust in this case committed the fund to the possession and control of Harrison, with full power to sell the property and distribute the proceeds among the creditors. The Lyons-Thomas Hardware Company parted with the control of the property, and the trustee could maintain suits to recover it and defend

actions brought against him for its possession, or which brought in question his right of control.

We believe that reason and authority sustain the proposition that in a suit to set aside such an instrument the beneficiaries in the deeds of trust were not necessary parties, and that the trustee represented all creditors for the purpose of sustaining the deeds under which he held for their benefit. Railway v. Butler, 56 Texas, 511; Ebell v. Bursinger, 70 Texas, 120; Kerrison v. Stewart, 93 U. S., 155.

The reasons assigned in support of the rule requiring beneficiaries to be made parties, where the object is to participate in the fund under the instrument by which the trust is created, do not apply in this character of case. When it is sought to construe an instrument and enforce it, the trustee is entitled to have the rights of all the parties interested determined, in order that he may be protected in the execution of the trust. He does not represent any of the beneficiaries so far as the rights between them and other beneficiaries are concerned, but is supposed to be indifferent in this respect. The beneficiaries named in the deed, as well as all others entitled to participate in the fund, have the right to be heard for the purpose of establishing their own rights, as well as to contest the claim of any other asserting a right to any part of it. As before said, the object of this suit was not to distribute under, but to set aside the deeds of trust and make division according to the law.

In Ebell v. Bursinger, supra, the deed of trust conferred such limited powers upon the trustee, that this court held that he was not empowered to institute and maintain suits alone with reference to the property. The general rule is announced in that case, that in a suit "by or against the trustee for the recovery of the trust property, the beneficiary is a necessary party." The decision recognizes the exceptions to this rule, and cites the case of a general assignment, in which it is held that the assignee may sue or be sued alone, so far as the possession of the property is concerned. In that case, the decision was placed distinctly upon the ground that the trustee had not such power as would enable him to sue alone for the property, nor such as would authorize a suit against him alone. It can not be doubted that a trustee, with the authority granted by these instruments, could sue for the possession of the property conveyed to him thereby.

In Hudson v. Milling and Elevator Company, 79 Texas, 401, it was sought to have an instrument claimed by the trustee and beneficiaries named in it to be a mortgage, declared to be a general assignment, and to annul the preference therein provided for. Plaintiffs sought to enforce this instrument as reformed, and claimed under it an interest in the fund antagonistic to the named creditors. It was held, that the creditors named in the instrument were necessary parties to the suit. We adhere to this as a correct practice in that class of case, and in so far as Preston v. Carter Bros., 80 Texas, 388, is in conflict with the doc-

trine announced in Hudson v. Milling and Elevator Company upon this point, the former case is overruled.

In every case where the beneficiaries are entitled to participate in a trust fund in proportions not fixed by the instrument, before the court can declare the part to which any one of them is entitled, notice must be given to all the beneficiaries, if known. If not known, or if they are too numerous to be made parties, then the court can give such notice and take such action as will enable them to present their claims for adjustment. The fund in this case is under the control of the court, and there are many creditors scattered throughout different States. The court should, before making distribution of that fund, give such notice as is practicable, that each may present his claim before the court for inquiry and adjudication. This suit was brought with a view to that end, and the petition so alleges its purpose to be.

The beneficiaries named in the deed of trust which attempted unlawfully to create a trust in a trust fund, were not necessary parties to this suit, which was prosecuted for the purpose of restoring the fund to its lawful purposes.

The Farmers and Merchants Bank intervened in this suit, and the Paris Exchange Bank became a party defendant; each set up its debt against the Lyons-Thomas Hardware Company, claiming that the same should be paid by the trustee, and asking the court to order the payment to be made by him. The court continued the trustee—in fact, appointed him as receiver—and took control of the property, and ordered that he sell the property and pay the proceeds to the creditors preferred, as directed in the deeds of trust. The trustee sold the property and reported the payments to the two banks, which is not controverted. The plaintiffs filed their second amended original petition, alleging, in substance, that they were not sufficiently informed as to whether payments had been made by Harrison to the banks to enable them to allege the fact of payment, nor the amount so paid, but prayed that the two banks be required to produce in court the money paid to each.

The fact of payment and the amount paid to each were matters peculiarly within the knowledge of the banks and Harrison, and in the nature of things not known to the plaintiffs. The allegations were sufficient to notify the banks of what was sought to be enforced against them. Railway v. Brinker, 68 Texas, 502; Lewis v. Alexander, 51 Texas, 585. In Lewis v. Alexander, the court said: "The same strictness of pleading should not be required of plaintiff, who is not presumed to have a particular knowledge of the agreement, that would be required of a party to it." The court had a right to order parties to the proceedings to restore to the possession of the court the money which had been placed in their hands by an order of the court that was held to have been void or wrongfully entered, the cause being still in course of adjudication.

The evidence of payment by Harrison to the banks was properly admitted under the pleadings and the circumstances of this case.

Plaintiffs in error claim that the District Court erred in entering judgment against L. P. Harrison for the proceeds of sale of the property in his hands, the greater part of which he had paid to the Farmers and Merchants Bank and the Paris Exchange Bank, under the order of the court.

The correctness of the judgment depends upon the validity of the order of the court made in vacation. If the court had the power to make that order in vacation, then, no matter how irregular it might be, the officer would not be liable for obeying it. If, however, the court had not that power, the order would be void, and would afford no protection to Harrison. He was bound to know the law, and must act at his peril in the execution of a void order if the invalidity arises from want of power in the judge to make the order at the time it was made. Freem. on Judg., sec. 229; Freem. on Ex., sec. 100; Gurney v. Tufts, 37 Mass., 130; 58 Am. Dec., 777; Howard v. Clark, 43 Mo., 344; Laughlin v. Peckham, 66 Iowa, 121.

Under article 1461, Revised Statutes, the district judge had authority to appoint a receiver in vacation, but no statute gave him power to appoint a trustee in vacation. The judge refused to appoint a receiver, but on application of Harrison and the preferred creditors, authorized Harrison, as trustee, to execute the trust in accordance with the deeds, and required him to give bond in the amount prescribed by the judge, to return an inventory of all property in his hands as trustee, and to report to the next term of the court his action. It also declared the deeds of trust valid, and ordered the trustee to pay over the proceeds of the property to the preferred creditors according to the directions of the deeds of trust. Thus the judge took control of the property, and made the trustee, as he was termed, amenable to the court. If the judge had appointed Harrison receiver, the same things would have been required of him as were required by this order. He must, as receiver, give bond as prescribed by the judge, and return an inventory and report to the court. The conditions of the bond are not exactly such as are required by the statutes, but that was merely irregularity, and would not avoid the appointment as receiver. He was called trustee instead of receiver, but courts will look to the substance of the action had and what it accomplished, and not to the particular terms used to denominate the character of the officer appointed. Harrison was in fact and law appointed receiver by the judge, and if the court in a receivership could enter the order under which he acted, he would be protected in this case.

A judge of the District Court in this State has no power to adjudicate the rights of litigants except at the times and places prescribed by law for holding courts, unless the authority is conferred by statute. Hunton v. Nichols, 55 Texas, 225; Doss v. Waggoner, 3 Texas, 516; Hodges v. Ward & Ingram, 1 Texas, 244; Black on Judg., sec. 179;

Freem. on Judg., sec. 121; Hammock v. Loan and Trust Co., 105 U. S., 77; Kinports v. Rawsom, 29 W. Va., 496; 12 Am. and Eng. Encyc. of Law, 14; Laughlin v. Peckham, 66 Iowa, 121.

Hodges v. Ward, cited above, is very much in point; a mandamus was applied for against a collector of customs to compel him to deliver goods to the plaintiff. The judge heard the application in vacation, and ordered the collector to deliver up the goods. The order was held to be absolutely void. In this case, the order which adjudged that the deeds of trust were valid and ordered the proceeds to be paid on the preferred debts, adjudicated in vacation the very matter in controversy. The statutes of this State do not invest the judge of the District Court with such authority, and the order was a nullity. The court rightly rendered judgment against Harrison for the money that came into his hands derived from the sale of the property.

The judgment of the court against Harrison was for the amount that he had paid the two banks and his own claim, besides a small balance remaining in his hands, allowing him his expenses and commissions. It provides for crediting Harrison with the amounts to be paid by the banks when paid, and no injustice is done him. The money is ordered to be paid to the clerk, to be held subject to the future orders of the court, and Harrison can be protected in all particulars, that is, consistent with the rights of others in the disposition of that fund.

Before this suit was instituted, the Baker Wire Company filed a suit against Harrison to recover some of the property held by him under the deeds of trust. It was made a party to this suit and joined in the prayer for appointment of a receiver, and was subsequently permitted to withdraw. That company would have had a right to sue Harrison after he was appointed, without leave of the court (Revised Statutes, article 1468); and there was no error in permitting it to prosecute its suit already pending. Harrison could make every defense in that case to which he was entitled, and if he is entitled to protection from the results, the court can, in the distribution of the fund, afford him such protection as he may show that he ought to have.

The judgment of the District Court as reformed by the Court of Civil Appeals is affirmed, and will be enforced in accordance with this opinion.

*Affirmed.*

Delivered June 7, 1894.

Motion for rehearing by the plaintiffs in error was overruled June 6, 1895.