NEBRASKA NATIONAL BANK OF OMAHA ET AL., APPEL-
LANTS, V. WALTER G. CLARK, ADMINISTRATOR, AP-
PELLEE.

FILED MARCH 8, 1899. No. 8749.

1. **Corporations: LOANS BY DIRECTORS: PREFERENCES.** Directors of a
corporation each made a loan of money to it with the under-
standing or agreement that in payment or enforcement of the
debts thereby created no one should have or obtain a preference
over another. It was subsequently ordered, all being present
and acting, that negotiable promissory notes be executed and
delivered to the parties evidencing the debts which originated
in the loan transactions. *Held*, That the latter adjustment was
under such circumstances and attendant facts as evinced the
intention to annul and abrogate the agreement which accom-
panied the loans.

2. ——: ——: ——: JUDGMENTS. A director of an insolvent cor-
poration may not through any advantage gained by reason of,
or which may be taken of, his directorship obtain or secure a
preference of debts of the corporation to him or in which he is
materially interested, but a judgment for such debt secured
without any such advantage will be upheld even though it may
work a preference of the debt.

3. ——: ——: ——: ——. One of the directors of the corpora-
tion who had made it a loan, and who, under the order of the
managing board relative to issuance of promissory notes to
members who had made loans to the company, was entitled to
receive such a note, died and his son was appointed adminis-
trator of the estate, also became a director of the company, and
applied for, and there was executed and delivered to him as ad-
ministrator, a note of the corporation in the amount of the loan
debt. The corporation became insolvent, and thereafter there
was recovered a judgment against it, and in favor of the admin-
istrator, by default for the amount due on the note. *Held*, From
the evidence, that there had been no advantage taken by the son
of deceased director, and administrator of his estate, of the
former's position of director of the corporation to obtain in the
suit and judgment on the note a preference over other creditors
of the corporation.

APPEAL from the district court of Douglas county.
Heard below before KEYSOR, J. *Affirmed.*

*Warren Switzler*, for appellants.

*Congdon & Parish*, contra,

HARRISON, C. J.

It appears herein that about twelve years since Andrew Gilchrist, Milton Hendrix, Victor G. Langtry, Hugh G. Clark, and George J. Hunt, with a common purpose and pursuant to an agreement to so act, purchased lots and lands in and adjacent to Florence, which was a village near Omaha. Subsequently the parties named organized a corporation, "The Omaha and Florence Land & Trust Company," and lands and lots theretofore purchased by the parties pursuant to the agreement or common intention to which we have before referred were conveyed to the company and the parties, and each party received non-assessable stock of the corporation to the amount equal to the agreed value of the property he had transferred to the corporation. The individual members who composed the corporation apparently became thoroughly impressed and imbued with the idea of the ultimate great success of the business venture, the active furtherance of which had suggested and moved the formation of the company, and the favorable thought induced correspondent action. Each member loaned to the company quite a considerable sum of money, and the aggregate of these sums was invested in the real estate operations of the corporation. At the time the loans were made to the company it was agreed among the individuals who made them that at no time should one be paid in advance of, or more at any time than, the other, and if it ever became necessary to enforce payment all should stand on an equal footing in all particulars, and neither, in point of time nor otherwise, have or be granted a preference over another. Subsequently one of the members of the company requested of the board of directors that there be executed and delivered to him a promissory note evidencing the indebtedness of the company to him in the amount of the loan which he had made it. The request was considered and refused. It was afterward, or at another and later meeting of the directors, renewed and, after full de-

liberation, granted. It was of the evidence that the refusal of the request when first presented was prompted by the consideration, or based upon the conclusion, that if granted it would be, or involve, an abrogation of the agreement or understanding which prevailed in regard to the uniformity in the manner and order of the payment of the loans, and that when it was granted it was believed and understood that such would be, and was, its effect. Pursuant to a vote of the directors which allowed such action, promissory notes were at times, when applied for by members who had advanced money to the corporation, executed and delivered to them. These notes were in the ordinary form and negotiable, and were some of them sold and duly transferred. In at least one instance the claim against the company in favor of a member which arose from the transaction of loan was by the holder assigned to third parties and the notes were, on application therefor, executed and delivered to the assignees. Hugh G. Clark died without having asked for a note of the corporation in the amount of his loan to it, and Walter G. Clark was appointed administrator of his estate; after which it was thought proper, and for the welfare of all interested, that he should become an active working member and director of the corporation. To effect this he delivered fifty shares of the stock of the company of the number which belonged to the estate, to the corporation, and they were canceled and the same number of new shares were issued directly to him, not in his representative capacity, but individually. Some time afterward it was concluded that this arrangement was not exactly right and the new shares were annulled and shares issued in favor of the estate or its administrator, and Walter G. Clark purchased one share of stock from some person and thus became a member of the corporation. After the company had become insolvent a holder of one of the notes to which we have referred instituted an action thereupon, and when Walter G. Clark, or his counsel, received information of the commencement of said suit, an

action was immediately begun for him, as administrator of the estate of his deceased father, to recover the amount due from the company to the estate on the note which had been given it against the company. Judgments against the company were rendered in these suits. The appellants herein had become owners of notes issued in the transactions between the company and its members, which we have hereinbefore set forth, and sued to enforce a recovery of the sums due, but at such times, in the course of terms of the courts during which judgments which were rendered, would be, and were in the regular settled legal view and marshalling of the liens of the judgments, subject and inferior to that of appellee. To adjust the liens of the judgments and have them adjudged equal in rank or priority was the object of the present actions, and from an adverse decision of the trial court of the questions litigated the parties who instituted the suits have appealed to this court.

It is urged for appellants that inasmuch as when the loans were made to the company by its individual members there was an agreement that none of them should in payment have or obtain a preference, that this agreement ran with the debts and the notes and must now be recognized and given force, the effect of which would be to place these judgments on an equality in respect to rank as liens. The trial court in its decree set forth a finding that the agreement was made, but also adjudged that it was wholly annulled and set aside by the acts of all the parties. The latter was stated as a matter of law. Whether to be viewed as a matter of fact or law, it is true that an examination of the evidence discloses that the parties, when it was ordered that negotiable promissory notes of the company be issued to all parties for the amounts of the loans, contemplated and believed the agreement to be at an end and destitute of any further effect. They first refused to issue the notes, on the ground that it would end the agreement, and when they finally ordered their execution and delivery they did it with the

idea that the agreement would be destroyed, and it seems but just and right to give recognition to the belief, which must have been based upon a correspondent intention; hence this argument must be overruled.

A further argument is to the effect that inasmuch as Walter G. Clark was personally interested in the estate of which he was the administrator, and individually was a director of the company at the time the judgment in his favor as administrator was obtained, and the corporation was then insolvent, he could not by his judgment obtain a preference over other creditors of the company. The judgments in question were all by default, for the reason shown in this cause that the company had no defense against their renditions, and there was evidence to support a finding that the suit by the administrator was wholly adversary and hostile, and the judgment was by default for the sole reason that the company had no defense to make. The contract of loan by which the indebtedness of the company to Hugh G. Clark arose was one which a corporation might make with one of its directors, if on close scrutiny it proved to be in good faith (*Gorder v. Plattsmouth Canning Co.*, 36 Neb. 548); and it is not claimed that there was any bad faith or unfairness in the one herein involved. It is the doctrine announced in this court that directors of an insolvent corporation cannot take advantage of their positions to obtain a preference of debts which the corporation owes them, nor can they prefer debts to third persons on which they are bound as sureties. (*Stough v. Ponca Mill Co.*, 54 Neb. 500; *Tillson v. Downing*, 45 Neb. 549; *Ingwersen v. Edgecombe*, 42 Neb. 740.) Here it was a debt to the estate of a deceased director which it was sought by a judgment to enforce, and in a suit by an administrator who was then a director of the then insolvent corporation and also a son of the deceased director; but it was shown that neither the plaintiff in the suit nor any director actively participated as directors in the default in the action or the rendition of the judgment. The record indicates that they

were without blame, and their acts in regard to the suit and judgment were entirely fair; nor does the record disclose that the administrator took any, or the slightest, advantage of his position as director, or information gained by reason thereof, to institute the suit or secure a judgment on the claim of the estate prior to any other creditor. He, or his counsel, gained notice, as might any person not a director, that a suit had been commenced against the corporation by one of its creditors, and an action was begun to recover the amount due the estate, which resulted in a judgment which is herein called into question. There was nothing shown from which it can be asserted that any advantage was taken of the position as director to gain any advantage or preference, and this being true, the judgment must be allowed to have the place in priority which it would ordinarily have, and the decree in the present case must be

AFFIRMED.