KERRISON, ASSIGNEE, *v.* STEWART ET AL.

Where a trustee is invested with such powers and subjected to such obligations that his beneficiaries are bound by what is done against him or by him, they are not necessary parties to a suit against him by a stranger to defeat the trust in whole or in part. In such case, he is in court on their behalf; and they, though not parties, are concluded by the decree, unless it is impeached for fraud or collusion between him and the adverse party.

APPEAL from the Circuit Court of the United States for the District of South Carolina.

Edwin L. Kerrison and Herman Leiding, of Charleston, S. C., May 1, 1867, conveyed to Charles Kerrison, in trust, the real estate in controversy in this suit, by deed, the material parts of which are as follows:—

" This deed of two parts, made this first day of May, in the year of our Lord one thousand eight hundred and sixty-seven, between Edwin L. Kerrison and Herman Leiding, of the city of Charleston, in the State aforesaid, lately trading together as merchants, copartners, under the name and style of Kerrison & Leiding, of the first part, and Charles Kerrison, also formerly merchant, of the same place, of the second part, witnesseth : That whereas, with a view to enable them, the said Kerrison & Leiding, parties hereto of the first part, to resume some mercantile trade or business, a majority of their creditors, both in number and amount or value, have agreed to take their notes, dated the first day of December last, payable, with interest, from the first day of June, that was in A.D. 1865, two and three years after the said date, secured by a conveyance to an approved trustee of the real estate hereinafter fully and particularly mentioned and described, and intended to be conveyed to the said Charles Kerrison, hereto of the second part, in trust, for the better securing of the said notes, a schedule whereof, with the names of the said creditors and the respective amounts of the notes given to each of them, all bearing the date and payable on the days aforesaid, is hereunto annexed and made a part of these presents; and whereas all other the creditors of the said Kerrison & Leiding may be disposed to come in upon the footing of the said agreement and security, and in that event it is intended to secure to them that right, and also to provide for making the security more effectual.

" Now this deed further witnesseth, That the said Edwin L. Kerrison and Herman Leiding, . . . for the better securing their said notes, and such as may be given to their other creditors, . . . have granted, bargained, sold, and released, and by these presents do grant, bargain, sell, and release, unto the said Charles Kerrison [here follows the description of all the property]. To have and to hold all and singular the premises unto the said Charles Kerrison, his heirs and assigns for ever, . . . in trust, nevertheless, in the first place, to hold the said premises as a security for the several and respective parties, creditors of the said Kerrison & Leiding, named in the first section of the schedule hereunto annexed, for the several and respective sums set opposite to their names, with interest, as above recited ; and also for such other parties, creditors of the said Kerrison & Leiding, the names of which are, as is believed and intended, to be correctly stated in the second section of the said schedule hereto annexed, who, at any time before the first day of December next, in lieu and satisfaction of their claim,

shall take and accept the notes of the said Kerrison & Leiding, bearing the same date, 1st December, 1866, payable at the same tim ? (two and three years after date), with interest from the same (1st June, 1865), each note for one-half the principal due such creditors as the creditors named in the first section of the said schedule have taken and accepted; and thereupon the proper amount shall be set opposite the names of the said creditors named in the second section of the said schedule: and, in the next place, in trust, unless the said notes be paid by the parties hereto of the first part in the mean time, then at public or private sale to sell and dispose of all and singular the premises aforesaid, or so much thereof as may be necessary, or to raise the sum required by mortgage (if practicable), in due time, to provide for the payment of the said notes as they shall fall due, together with all proper charges, expenses, and commissions to be allowed to the said Charles Kerrison, which commissions shall not exceed five per cent upon the amount of sales or sums raised by mortgage. Or if he, the said Charles Kerrison, should deem it best for the interest of all, then to sell and dispose of the said premises, or any part of them, at any time after the execution and delivery of these presents, as he may think proper, for cash, or on such credit as may enable him to meet the said notes at maturity; and if he should so sell for cash, or for cash and credit, before the maturity of the said notes, then, after paying and retaining all proper charges, expenses, and commissions, to pay the clear residue of the cash so received by him to the parties or holders of the said notes in average and proportion to the several and respective amounts due upon the said notes, if the cash be not sufficient to pay the whole thereof, and in the same way to pay the proceeds of sale of the whole property (less charges, commissions, and expenses) *pro rata*, if the whole be not sufficient to pay the said notes in full at their maturity."

A. T. Stewart & Co. were named as creditors in the second schedule; but they declined to accept under the trust. Paton & Co. were named in the first schedule, and Benkard & Hutton in the second.

On Aug. 8, 1866, and before the execution of the deed of trust, Stewart & Co. sued out a summons, entitled "Sixth Circuit of the United States of America, South Carolina District," and tested by the Chief Justice of the United States, at Greenville, South Carolina, commanding the marshal of the United States for that district to summon Edwin L. Kerrison and Her-

man Leiding to appear before the clerk of the Circuit Court of the United States for the aforesaid circuit and district, at the rules to be holden at Charleston, in the aforesaid district, on the first Monday in September next, to answer, &c.   The writ was signed by the clerk of the Circuit Court for the district of South Carolina, and sealed.   At the day named, Kerrison & Leiding, by their attorneys, entered their appearance to the suit, before the clerk.   Stewart & Co. then filed their declaration, containing several counts; to a part of which Kerrison & Leiding demurred, and to others they pleaded specially.   They also pleaded the general issue.   Stewart & Co. demurred to the special pleas, and the cause was placed upon the docket of the Circuit Court.   At a regular term of the Circuit Court, holden at Charleston in June and July, 1867, the demurrers to the declaration were overruled, and those to the special pleas sustained. The cause then standing for trial upon the general issue, was continued.   In the following August, the docket of the Circuit Court was taken to Greenville, at which place, on the first Monday in that month, a regular term of the District Court for the Western District of South Carolina was held, that court having circuit-court jurisdiction and powers in that part of the district of South Carolina embraced within the western district. Before the term, the attorneys of Stewart & Co. notified the attorneys of Kerrison & Leiding that they should insist upon the trial of the cause at that term and place.   Accordingly, the parties appeared, and upon the regular call of the docket a trial was had.   The case was argued by counsel on both sides, without objection to the jurisdiction.   A verdict having been rendered by the jury in favor of Stewart & Co., judgment was in due form entered thereon, Sept. 24, 1868.   Execution was issued upon the judgment, and returned *nulla bona;* whereupon Stewart & Co. filed their bill in equity in the Court of Common Pleas for the county of Charleston, a State court of South Carolina, against Edwin L. Kerrison, Herman Leiding, Charles Kerrison, Paton & Co., and Hutton (the last two as representative creditors), praying that the deed of trust to Charles Kerrison might be adjudged void as to them, and that the property covered by it might be subjected to the payment of their judgment.   The Kerrisons and Leiding appeared and defended the suit.   Publi-

cation was made to bring in Paton & Co. and Hutton, who were non-residents of the State; but they did not appear, or make defence. The Court of Common Pleas, June 22, 1870, after hearing, adjudged the deed to be void as to Stewart & Co. From this decree the Kerrisons and Leiding appealed to the Supreme Court of the State, where it was affirmed, March 1, 1872.

Kerrison & Leiding were adjudged bankrupts upon their own petition, April 6, 1872, and afterwards Charles Kerrison was duly appointed and qualified as their assignee. This bill was filed by him, as such assignee, in the Circuit Court for the district of South Carolina, against Stewart & Co., and the creditors provided for in the trust deed, to adjust the liens upon the property, with a view to a sale and distribution of the proceeds under the direction of the court. Stewart & Co. answered, claiming a prior lien under the operation of their judgment and the decree of the State court in their favor; and they insist that the creditors are bound by that decree. The creditors answered, alleging that the judgment in favor of Stewart & Co. was void for want of jurisdiction in the court in which it was rendered; or, if not void, that it is invalid as to them, by reason of certain irregularities in the proceedings previous to and at the time of its rendition, and that, as they were not parties to the suit in the State court, they are not bound by the decree.

The Circuit Court sustained the prior lien of Stewart & Co., and decreed accordingly. From this decree the creditors and the assignee in bankruptcy appeal to this court.

Submitted on printed arguments by *Mr. Edward McCrady, Jr.*, for the appellant, and by *Mr. Samuel Lord, Jr.*, for the appellees.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The first question to be considered in this case is, whether the creditors of Kerrison & Leiding, who claim the benefit of the trust created by the deed to Charles Kerrison, are concluded by the decree against him in the State court. If they are, the decree of the Circuit Court must be affirmed.

It cannot be doubted, that, under some circumstances, a trustee may represent his beneficiaries in all things relating to their common interest in the trust property. He may be invested with such powers and subjected to such obligations that those, for whom he holds will be bound by what is done against him, as well as by what is done by him. The difficulty lies in ascertaining whether he occupies such a position, not in determining its effect if he does. If he has been made such a representative, it is well settled that his beneficiaries are not necessary parties to a suit by him against a stranger to enforce the trust (*Shaw* v. *Norfolk Co. R. R. Co.*, 5 Gray, 171; *Bifield* v. *Taylor*, 1 Beat. 91; *Campbell* v. *R. R. Co.*, 1 Woods, 376; *Ashton* v. *Atlantic Bank*, 3 Allen, 220); or to one by a stranger against him to defeat it in whole or in part. *Rogers* v. *Rogers*, 3 Paige, 379; *Wakeman* v. *Grover*, 4 id. 34; *Winslow* v. *M. & P. R. R. Co.*, 4 Minn. 317; *Campbell* v. *Watson*, 8 Ohio, 500. In such cases, the trustee is in court for and on behalf of the beneficiaries; and they, though not parties, are bound by the judgment, unless it is impeached for fraud or collusion between him and the adverse party.

The principle which underlies this rule has always been applied in proceedings relating to railway mortgages, where a trustee holds the security for the benefit of bondholders. It is not, as seems to be supposed by the counsel for the appellants, a new principle developed by the necessities of that class of cases, but an old one, long in use under analogous circumstances, and found to be well adapted to the protection of the rights of those interested in such securities, without subjecting litigants to unnecessary inconvenience.

Undoubtedly cases may arise in which it would be proper to have before the court the beneficiaries themselves, or some one other than the trustee to represent their interests. They then become proper parties, and may be brought in or not, as the court in the exercise of its judicial discretion may determine. But this was very clearly not a case in which such action was required; and so all the parties evidently thought, while the litigation was progressing. The trustee, as well as Kerrison & Leiding, appeared, and vigorously resisted the decree asked for. The report of the case in 3 Rich. (S. C.) N. s. 266, to which we

have been referred, shows that they were represented by the same counsel who appear here for the creditors, that the argument was full, and the judgment carefully considered. In addition to this, Paton & Co. and Hutton, who are among the creditors now resisting the decree, were named as parties to the suit, and might have appeared to defend, if they had been so inclined. They seem, however, to have been then content to leave their interests in the hands of the trustee, who certainly could present their defence if he would, and against whom no charge of neglect even is now made.

It remains to determine whether Charles Kerrison was authorized to represent the creditors in proceedings against him to defeat the title he held for their security. This depends upon the intention of the parties, as expressed in the deed creating the trust and making him the trustee. Looking to that, we find that he was the "approved trustee," provided for in the arrangement between Kerrison & Leiding and the majority of their creditors, which was the foundation of the trust. He was to "hold the premises" as security for the scheduled creditors who had already accepted the terms proposed, and also for such of certain other creditors named in a second schedule as should thereafter accept. If the debts so secured were not paid by Kerrison & Leiding, it was made his duty to provide the means for their payment, as well as the payment of all proper charges and expenses, either by a public or private sale of the property, or by mortgage, if practicable. If he should deem it best for the interest of all, he was authorized to sell the whole or any part of the property at any time for cash, or on such credit as would enable him to meet the debts at maturity; but if he did sell before maturity, the cash received, after deducting all proper charges, &c., was to be divided amongst the creditors in proportion to the amounts due them respectively.

From this it appears that he was not only invested with the legal title to the property, but that all parties relied upon his judgment and discretion for the protection of their respective interests. A clear intent is manifested of relieving the creditors from the necessity of looking personally to the conversion of the securities, or to the preservation of the trust. While the trustee is nowhere in express terms invested with the

power to give receipts for purchase-money upon sales made, it is perfectly apparent that such must have been the intention of the parties. The wide range of discretion allowed him in making the security available for the payment of the debts is entirely inconsistent with the idea that purchasers or mortgagees must look to the application of their moneys after payment actually made to him. The creditors cannot interfere with his discretion in making sales, so long as he keeps within the general scope of his powers; neither can they prescribe the terms upon which he shall sell. In all these particulars he has been authorized to act in such manner as he shall deem best for the interests of both parties, debtors as well as creditors. The debtors rely upon his judgment to avoid unnecessary sacrifice; and the creditors must be satisfied, if, at the proper time, he is found to have done all that could reasonably be required of him to subject the securities to the payment of their several demands.

With these facts before us, it is impossible to come to any other conclusion than that, as to strangers, he did represent the trust and its property. Purchasers must go to him to make their purchases, and adverse claimants may properly look to him as the party against whom alone they are called upon to assert their rights. If the creditors, mindful of their interests, are dissatisfied with the manner in which he represents them in suits that are pending, they may, under proper circumstances, intervene, and ask to be made parties, so as to speak for themselves; but their adversary need not go after them, except under the direction of the court.

There is no need of inquiring whether this was a case in which one of the creditors might be brought in and made to represent all; for the trustee is himself the chosen representative of all, and whatever binds him must bind them.

It follows that the creditors are concluded by the decree of the State court; and that necessarily disposes of this case, without further inquiry as to the other important questions argued before us. The object of the suit in that court was to avoid the deed to Charles Kerrison, as against the judgment of Stewart & Co.; and the decree was in accordance with the prayer of the bill. The validity of the judgment was necessarily

involved in the suit; and the decree, as rendered, could not have been given except by establishing it.    This is expressly admitted by the creditors in their answer to this bill; for they say, " That the said decrees were given upon the allegation of the bill of complaint of the said A. T. Stewart & Co., among which was the material allegation, without which his said complaint could not have been sustained, that they, the said A. T. Stewart & Co., had recovered, and at the time of their bill filed had, a judgment in this honorable court, upon which they had sued out an execution of *fieri facias*," &c.

*Decree affirmed.*