## Case No. 13,356.

### STEINKUHL v. YORK et al.

### [2 Flip. 376.] [1]

Circuit Court, W. D. Tennessee. March 31, 1879.

REMOVAL OF CAUSES — INDISPENSABLE PARTIES — SEPARABLE CONTROVERSY — CLOUD ON TITLE — TRUST DEED TO SECURE DEBT — PARTIES — EJECTMENT — JURISDICTION.

1. The federal courts have no jurisdiction, by removal from a state court of a bill, to remove a cloud from the title of the plaintiff, where the trustee in a deed of trust to secure a debt and the creditor secured have been made parties defendant, they being citizens of another state, and the defendant in possession whose title is attacked and who executed the deed of trust, being a citizen of the same state as the plaintiff. There is in that case no such separable controversy between the plaintiff and the non-resident defendants as can be wholly determined between them, whether the jurisdiction by removal be claimed, under the act of March 3, 1875 (18 Stat. 470), or that of 1866 (Rev. St. § 639 [14 Stat. 306]).

2. It is one of the peculiarities of the equitable jurisprudence of Tennessee, that a claimant of land out of possession may file a bill in equity to remove the deeds of an adverse claimant in possession as clouds on his title; but whether a federal court of equity could maintain such a bill may be doubtful. The question is not raised in this case. It might result only in a repleader on the law side of the court as an action of ejectment, and not defeat the jurisdiction entirely.

Motion to remand.

Metcalf & Walker, for the motion.

T. B. Edgington, contra.

HAMMOND, J. This bill was filed in the chancery court of Tipton county by the plaintiff, who is a citizen of Tennessee, against York and others, who are citizens of the same state, against Schaller and Gerke, who are citizens of Ohio, and Hahn, who is a citizen of Kentucky. It is brought here on the petition of these non-resident defendants alleging a difference of citizenship and a controversy wholly between them and the plaintiff; and the plaintiff moves to remand for want of jurisdiction. It is not sought to be removed on account of the subject matter in controversy. It appears from the bill that the plaintiff held title to the land in controversy by a title bond from one Trigg, who is dead. Although the purchase money was all paid no deed has ever been made. On the 13th day of November, 1867, defendants Schaller and Gerke recovered in this court a judgment against the plaintiff here upon which an execution issued that was levied on the land in controversy. The plaintiff filed his petition in bankruptcy in this district on the 23d day of November, 1867, and an assignment of his property was duly made to the assignee. The marshal sold the land under the execution, and on the 27th of January, 1868, executed to the purchasers, who were

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

Schaller & Gerke, the execution plaintiffs, his deed therefor. They obtained possession, it is alleged, by collusion with the tenant, and on the 31st of January, 1871, conveyed the land by deed to one Bass, who executed certain notes for the purchase money, and secured them by a deed of trust with power of sale to defendant Hahn as trustee. Bass sold to defendants York and Noblin on the 1st of January, 1873, and they are in possession claiming to be the owners of the land. They became involved in litigation in Shelby county with the executor and heirs of Trigg, and the proceedings are set out in this bill to show that by them York and Noblin have prevailed in the litigation and sustained their title as against the Triggs. It is not material to take further notice of these allegations as they do not affect the question here. The controversy with the Triggs is wholly independent of any controversy involved in this motion, and cannot influence the judgment on it.

The assignee in bankruptcy, on the 9th day of January, 1874, sold the land as the property of the plaintiff, at public sale, the plaintiff himself becoming the purchaser and receiving the assignee's deed. It is this title through the assignee which he seeks to maintain by this bill. He alleges that the title of the defendants through the execution sale is void for various reasons assigned and properly averred in the bill, the most important of which are that, the title levied on was not a legal title, because he only held it by title bond that gave him only an equitable estate not subject to sale by execution at law, and that certain formalities as to notice were not pursued by the marshal, whereby no title passed with his deed. It does not appear whether the Bass notes, given to Schaller & Gerke and secured by the deed of trust to Hahn, have ever been paid; but the bill asks for information on that subject, and demands proof that they remain unpaid.

The prayer of the bill is that the execution sale and all the subsequent conveyances grounded on it be set aside and removed as clouds from the plaintiff's title, and for general relief.

It is the settled law of Tennessee that, an adverse claimant out of possession, although he may bring ejectment for the land, may also go into equity and file a bill to remove the deeds which stand in his way as clouds on his title; and the court having jurisdiction for that purpose will, having canceled the deeds, put the plaintiff in possession. Johnson v. Cooper, 2 Yerg. 524; Jones v. Perry, 10 Yerg. 59; Almony v. Hicks, 3 Head. 39; Anderson v. Talbot, 1 Heisk. 407, which was the case of a sheriff's deed; Williams v. Talliaferro, 1 Cold. 39; Porter v. Jones, 6 Cold. 318.

It is said by Chancellor Cooper, in his note to Hickman v. Cooke, 3 Humph. 640, which seems to be somewhat contrary to the other cases, that this doctrine in Tennessee is the result of judicial legislation, and whether the equity courts of the United States will follow it or not it is not now material to determine. On removal of such a case it might become on repleader a pure action of ejectment on the law side of the court. and the jurisdiction not be entirely defeated. The only question is who are the necessary and indispensable parties to such a bill? I have searched the cases to find out if this has been determined and do not find any case on that subject except Mullinix v. Perkins, 2 Cold. 87, where it is said, "if the mortgage is in fee and the mortgagee is dead, the heirs-at-law of the mortgagee or other party, in whom the legal title is, must be made a party." This would indicate that Hahn, the trustee, is a necessary party, because the holder of the legal title. It also decides that the administrator of the mortgagee is not a necessary party. This would seem to indicate that the holder of the debt secured is not indispensable, and the mortgagee himself would be necessary, not because of his debt, but because of his title, for the same case holds that his heirs-at-law must be parties. I have no doubt whatever that the holder of the legal title is an indispensable party always, whether he be a mortgagee holding the fee, or a trustee holding it in part. And the argument in favor of our jurisdiction here is, that such holder of the legal title is the only indispensable party, and that the case stands as if an ejectment at law had made the tenant in possession a party, and the landlord had come in and become substituted as the real party in interest, the tenant being only nominally and not beneficially interested. I think this would be so if York and Noblin were only tenants in that sense, that is lessees from the owner for a term of years. But they are not such tenants. They are indeed the owners of the land subject to the incumbrance upon it in favor of Schaller & Gerke for the Bass notes. That incumbrance out of the way and they have the whole fee legal and beneficial.

Upon payment of the Bass notes the title would be complete in them without any conveyance from the trustee. Carter v. Taylor, 3 Head. 30; Williams v. Neil, 4 Heisk. 279, 283.

It seems to me that in a court of equity such ownership renders the owners indispensable parties to any bill which seeks to cancel their deeds and compel them to surrender the possession. Hahn, the trustee, is only necessary because he holds the legal title. It is true in one sense he is trustee for both debtor and the creditor in such an assignment for the benefit of a creditor; but he is only a naked trustee as to him, unless a surplus is realized, and I think in no proper sense does he represent the grantor so as to dispense with him as a party defendant to

a bill involving the title. If sued alone, the trustee would properly plead that the grantor should be joined with him. He would represent sufficiently the creditors who are the beneficiaries of his trust. Kerrison v. Stewart, 93 U. S. 155. But I do not think this principle would apply to him in his capacity as a representative of the grantor.

The controversy is not wholly between Steinkuhl, the plaintiff, and Schaller & Gerke, because they are only the holders of notes secured by the deed of trust on the land. They have no other interest in it, and but for that would be wholly unnecessary parties, because by their deed to Bass they parted with their title. Hahn, the trustee, is not a necessary party because he represents the holders of the notes, as we have already deduced from the case of Mullinix v. Perkins, supra, but because he holds the legal title. The controversy of the plaintiff with Schaller & Gerke and Hahn (as their representative,) is only incidental. The accident of Schaller & Gerke having been one of the mesne conveyancers and the purchasers at the execution sale, does not alter it. It is not because they were such purchasers they are made parties, but because of their deed of trust. Bass is not made a party and need not be, I think; neither would Schaller & Gerke have been necessary if their grantee had not secured them by a deed of trust on the land. Their interest in the controversy depends wholly on the fact that these notes may be yet unpaid. There is then in this bill as between the plaintiff, and Schaller & Gerke, and Hahn, or either of them, no controversy which is wholly between them and which can be fully determined as between them, such as is required to give this court jurisdiction. Act March 3, 1875 (18 Stat. 470).

I do not see that the jurisdiction can be any better maintained under the act of 1866 (Rev. St. § 639), if we concede it has not been repealed by the act of 1875. The case of Fields v. Lownsdale [Case No. 4,769], held that a suit to quiet title against tenants in common might be removed as to one of them. And in McGinnity v. White [Id. 8,802], it was held that one copartner might under certain circumstances remove the case as to himself; and there are other cases of similar import. But I think this can be done only where the cause of action is joint and several, or may be severed as between the defendants without further inconvenience than that of having two or more suits. Tenants in common have no estates dependent upon each other; not so with a creditor holding a deed of trust to secure his debt. His estate in the land is part and parcel of that of the owner of it who has executed the deed. It is only an incumbrance, and it is obvious that a bill in equity, which would leave out the owner and be filed alone against the incumbrance or where the controversy did not concern the debt, but was wholly about the land, would be fatally defective. If on such a bill between Steinkuhl and Schaller and Gerke, and Hahn, the trustee, this court should hold the title of the plaintiff here better, and that of the others void; and on same facts the state court should hold York & Noblin's title better than that of the plaintiff derived through the assignee in bankruptcy, I doubt if Schaller & Gerke would be precluded by the decree here from foreclosing their deed of trust. They could say, having had your title sustained by a court of competent jurisdiction our deed of trust is fastened upon it as a lien. The lien holder cannot be separated from the general owner in a controversy about the title; they must both stand or fall together. Gardner v. Brown, 21 Wall. [88 U. S.] 36; Cape Girardeau & S. L. R. R. Co. v. Winston [Case No. 2,390]. York and Noblin are necessary parties to any relief which is asked against Schaller & Gerke, or Hahn their trustee, just as well under the act of 1866 as that of 1875. Indeed, both acts, so far as they relate to this question, are substantially the same.

The cause will be remanded to the chancery court of Tipton county. Motion granted.

NOTE. No question was made or determined as to this being a case "arising under the constitution and laws of the United States," of which the court might acquire jurisdiction under the act of 1875. The petition for removal did not present that ground. See Woolridge v. McKenna, 8 Fed. 650.