ARCHBALD, District Judge.*
By the fourteenth paragraph of the answer objection is made that H. Ward Leonard, a one time owner of the patent in suit, is a necessary party, and that the bill is defective without his joinder. The assignment of the patent by the said H. Ward Leonard to the Union Trust Company, as well as to Newton & Scott, under whom the Cutter Electrical Company, the other plaintiff, claims, is subject to the payment of two promissory notes executed by Newton & Scott to the said H. Ward Leonard for $10,000 each, indorsed by the Cutter Electrical Company, and payable May 28, 1903,k and May 28, 1904, respectively, on default in payment of which the patent reverts, the assignment to'the Union Trust Company being in part for the better securing of that result. If this were all there was in the case, H. Ward Leonard, having a definite reversionary interest, and having parted with his title to the patent only upon this express condition, not being bound by proceedings taken to enforce it by those to whom it had been so conditionally assigned, would, consequently, be a necessary party to be brought in. Walker on Patents, § 574. But by the tenth paragraph of the agreement between the said H. Ward Leonard and the said Newton & Scott, it is distinctly provided that the latter shall have the right, at their own expense, at any time, to bring suit for the infringement of the patents referred to therein, including the one in suit; and by the eleventh, paragraph all rights conferred by the agreement are to apply, as well as be binding upon, the assigns of the respective parties. I do not see why this does not vest full authority in the Cutter Electrical Company to maintain such a suit as that which we have here, whether the Union Trust Company has or not. 'On general principles of equity, which prevail as much in this suit as in any other, the latter, being something more than a mere naked trustee, and representing all the beneficiaries under the declaration of trust, would seem to be possessed of similar authority. Kerrison v. Stewart, 93 U. S. 155, 23 L. Ed. 843. But, whether this be so or not, H. Ward Leonard, having delegated to Newton & Scott and their assigns the right to sue, is bound by what they may do in the exercise of that right, and the defendants are, therefore, fully protected against any claim which he might incline to independently set up, and this is all that they can ask. Littlefield v. Perry, 21 Wall. 205, 22 L. Ed. 577. There is no suggestion that he asserts any, but, if he should hereafter, assuming that the notes were not paid, and that title reverts to him, it would be of no avail. There is no defect of parties, therefore, without him, and the objection that he is not brought in cannot prevail. The corporate authority of the Union Trust Company is not involved in this hearing and is not passed upon.
The objection to the bill for want of proper parties, made in the ‘fourteenth paragraph of the answer, is overruled.

 Specially assigned.