## CAVERS et al. v. SIOUX OIL & REFINING CO. et.al.

### No. 1446—5674.

Commission of Appeals of Texas, Section A.
June 10, 1931.

Bonner, Bonner & Childress, Virgil Childress, Gerald L. Coffey, and Wm. N. Bonner, all of Wichita Falls, and Lyndsay D. Hawkins, of Breckenridge, for plaintiff in error Banner Oil Corporation.

H. R. Wilson, of Fort Worth, for Victor Jeep and others.

Carrigan, Britain, King & Searles, of Wichita Falls, for J. A. Cavers and others.

Fitzgerald & Hatchitt, of Wichita Falls, for Humble Oil & Refining Co.

SHARP, J.

On December 11, 1925, in cause No. 17285–C, J. A. Cavers instituted this suit 'in the district court of Wichita county against Sioux Oil & Refining Company, to recover on a note for $5,500 due December 14, 1921, and further sought to recover a foreclosure of the deed of trust lien on an undivided interest in an oil and gas lease on 52 acres of land in Stephens county, Tex.

The controversy is over the proceeds of a certain 32.39 per cent. interest in an oil lease in Stephens county. On June 16, 1924, Kloke Investment Company, W. A. Reddick, and Herman Reinboldt, with the National· City Bank of New York and others, procured a judgment in cause No. 4655 entitled National City Bank of New York et al. v. Sioux Oil & Refining Company, in the district court of .Stephens county, foreclosing a lien dated November 1, 1922, on the property in question, and same was sold at sheriff's sale on August 5, 1924, to William H. Barker. William H. Barker conveyed the property in controversy to Banner Oil Corporation on September 30, 1924. The foreclosure by the National City Bank et al. was upon deeds and mortgages executed by the Sioux Oil & Refining Company, and it appears that this company had in 1920 executed to Kloke Investment Company, trustee, a conveyance of the premises which was recorded, and at the same time there had been executed between said parties another instrument usually referred to as "accompanying letter," and which latter instrument was not recorded for about a year after Banner Oil Corporation acquired its title, and in which letter it was provided that the conveyance to Kloke Investment Company was for the purpose: "To secure all loans made by and through your company to the Sioux Oil and Refining Company and to secure all endorsers on such notes as the Sioux Oil and Refining Company may make for said loans."

It further appears that early in 1920, 'J. A. Cavers and some twenty or more others had advanced about $100,000 through Kloke Investment Company to Sioux Oil & Refining Company under the terms of an instrument, whereby after six months those advancing the money had the option of taking stock or notes in the Sioux Oil & Refining Company, and if notes were taken they would be secured by the conveyance in trust to Kloke Investment Company of an interest in the lease. The so-called "accompanying letter", addressed to the Sioux Oil & Refining Company is signed by Sioux Oil & Refining Company and Kloke Investment Company, and, after referring to the foregoing assignment, says: "The said assignment is made to you to be held in escrow as collateral security to secure all loans made by and through your company to the Sioux Oil and Refining Company and to secure all endorsers on such notes as the Sioux Oil and Refining Company may make for said loans."

It further appears that early in September, 1925, the Banner Oil Corporation, whose title was then duly recorded and who was in open possession of the lease, operating the same, gave notice to all parties that it claimed the lease entirely, and that the notes of Cavers and others either had been paid, were void, or were barred by the statute of limitation.

•In August, 1926, Banner Oil Corporation filed a suit in the district court of Stephens county, Tex., No. 7239, against Kloke Investment Company, to cancel ,the instruments above mentioned and to quiet its title. Thereafter Banner Oil Corporation was made ·a party to certain suits and interventions in Wichita county, filed by Cavers, Jeep, and 'others, and it was agreed that the suit by the Banner Oil Corporation in Stephens county, having first been filed, should be first tried, and the suit in Stephens county was tried on January 27, 1927, and judgment rendered for Banner Oil Corporation "against Kloke Investment Company, Kloke Investment Company, Trustee, and any and every one whomsoever claiming by, through or under them or either of them." The Kloke Investment Company excepted to this judgment and gave notice of appeal, but no appeal was perfected. It further appears from the record that Jeep and others had left their affairs pertaining to this matter to Kloke Investment Company; that Kloke Investment Company had at hand $4,000 which it retained for expenses, and that with the knowledge and consent of Cavers, Jeep, and others, employed the same attorneys to defend the suit brought by Banner Oil Corporation in Stephens county, and to file a suit on their notes to foreclose their lien in Wichita county.

The judgment in Stephens county in cause No. 7239 was pleaded by Banner Oil Corporation in bar of the suit of Cavers et al. in Wichita county, and the plea of res adjudi-

cata urged by Banner Oil Corporation was sustained.

The case was tried before the court without a jury. The trial court heard testimony upon the issue, and the plea in bar of Banner Oil Corporation was sustained. The judgment was rendered for the Humble Pipe Line Company on the merits, and J. A. Cavers and interveners took nothing, except as against Sioux Oil & Refining Company who had signed the notes. An appeal was made to the Court of Civil Appeals at El Paso, and that court reversed and remanded the case to the district court of Wichita county for another trial. 23 S.W.(2d) 421. We refer to the opinion of the Court of Civil Appeals for a more detailed statement of the facts pertaining to some of the questions involved in this appeal. Writs of error were granted by the Supreme Court.

■Banner Oil Corporation contends that the Court of Civil Appeals erred in not affirming the judgment as to W. A. Reddick and Herman Reinboldt, because the records conclusively show that they had no cause of action against the Banner Oil Corporation for being members of pool No. 2, described in the instrument dated November 1, 1922, which expressly gave them a lien, and they joined plaintiffs for foreclosure of that lien in cause No. 4655, National City Bank et al. v. Sioux Oil & Refining Company, in the district court of Stephens county and foreclosed that lien, and their interests in that instrument became merged in the judgment in that cause and, as a matter of law, their foreclosure of that lien on the lease in question gave the purchaser, under a judicial sale thereunder, an absolute title as against any other lien which they had or claimed.

The pleadings are voluminous, and same will be recited in connection with the discussion of the issues.

On November 1, 1922, Sioux Oil & Refining Company and the Northern Trust Company executed an instrument styled "Agreement and Conveyance in Trust," and described the creditors in two pools; those in pool No. 1 and those in pool No. 2. W. A. Reddick and Herman Reinboldt appear in one or both pools.

In the petition filed in suit No. 4655, National City Bank et al. v. Sioux Oil & Refining Company, in the district court of Stephens county, Reddick, Reinboldt, and Kloke Investment Company are listed among the plaintiffs filing same. In our opinion, they were parties to that suit, and the judgment rendered in that case merged the claim of Reddick, Reinboldt, and Kloke Investment Company therein. Vieno v. Gibson, 85 Tex. 432, 21 S. W. 1028, 1029; Gutta–Percha & Rubber Mfg. Co. v. Mayor, etc., of Houston, 108 N. Y. 278, 15 N. E. 402, 2 Am. St. Rep. 412; Watson v. Chicago, R. I. & P. R. Co., 169 App.

Div. 663, 155 N. Y. S. 808; United States v. Price, 9 How. 83, 91, 94, 13 L. Ed. 56, 59, 60; Hamer v. New York Railways Co., 244 U. S. 266, 37 S. Ct. 511, 61 L. Ed. 1125.

Judge Gaines, in the case of Vieno v. Gibson, supra, after holding, in effect, that a person holding several liens upon the same property can have but one foreclosure, in the absence of anything in the decree reserving or protecting his rights, says: "That the purchaser at a sale under such a decree takes the land discharged of the lien of the second note is affirmed by the text writers, and the doctrine is sustained by an almost, if not quite, unbroken line of adjudicated cases. Wilts. Mortg. Forec. § 494; 2 Jones, Mortg. § 1459; 8 Amer. & Eng. Ency. Law, note, page 196; West Bank v. Chester, 11 Pa. 282, 51 Am. Dec. 547; Poweshiek County v. Dennison, 36 Iowa, 244, 14 Am. Rep. 521; Kimmell v. Willard, 1 Doug. (Mich.) 217; Miles v. Skinner, 42 Mich. 181; Smith v. Smith, 32 Ill. 198; Standish v. Vosberg, 27 Minn. 175, 6 N. W. 489; Fowler v. Johnson, 26 Minn. 338, 3 N. W. 986, 6 N. W. 486; McLean v. Presley, 56 Ala. 211."

We sustain this contention.

This brings us to the consideration of another question. Was the judgment of the district court rendered in cause No. 7239, entitled Banner Oil Corporation v. Kloke Investment Company, in Stephens county, res adjudicata of the matters alleged in this cause in the district court of Wichita county, Tex.?

This record tends to show that the attorney for the defendants in error in acting for them agreed that this action pending in the district court of Wichita county should be stayed and held until cause No. 7239 in Stephens county should be first tried, and when the attorney representing the defendants in error knew and, through whom, his clients knew from the pleadings then on file in the district court of Wichita county that it was claimed and alleged that the judgment in Stephens county would be a bar and res adjudicata of and to this suit. The record further tends to show that said attorney well knew the issues involved in the suit in Stephens county, and L. S. Clark, president of the Kloke Investment Company, and trustee, had in fact advised part, if not all, of the parties of the pendency of the suit in Stephens county and the issues involved, and the claims there made by Banner Oil Corporation; that Clark received a letter from the Banner Oil Corporation, stating that the said Banner Oil Corporation claimed said lease entirely, and that Clark had advised a part, if not all, of said parties that they would get no further money from the lease, because of the claim made by the Banner Oil Corporation; that said parties, or part of them, for whom Clark had acted in the matter, instructed him to

proceed and take care of their interests, and left in his hands $4,000 expense money, and that he employed an attorney to take care of their interests, and that the attorney, in undertaking to do so, instituted this suit in Wichita county rather than answer the suit previously filed by Banner Oil Corporation against Kloke Investment Company in Stephens county, Tex.; that said attorney filed an answer in the suit pending in the district court of Stephens county in the name of Kloke Investment Company, and same was tried upon its merits, and the judgment was rendered by the trial court for the Banner Oil Corporation, quieting its title to the leasehold in question and, among other things, said judgment reads: "That Banner Oil Corporation be, and it is hereby, quieted in its title to an undivided 32.29% interest in the seven-eighths working, or oil and gas leasehold, interest in the following described fifty-acre tract of land, so that neither the defendant nor anyone claiming under it shall hereafter own or claim any right, title or interest there. * * * That said mortgage be, and the same is hereby cancelled, vacated, set aside, and held for naught, and that neither Kloke Investment Company, nor Kloke Investment Company, Trustee, nor anyone claiming under them, or either of them, now owns or has any right to assert any right, title, or interest in or to the oil and gas leasehold estate." And the attorney representing Kloke Investment Company in the district court of Stephens county gave notice of appeal in that action after a trial at which Clark was personally present and testified, and various notes, mortgages, etc., claimed by the parties were introduced in evidence, and the trial court rendered judgment in favor of the Banner Oil Corporation, and the effect of that judgment was disclosed to part, if not all, of the parties, and no appeal was ever perfected from that judgment.

The record further discloses that the suit, entitled Banner Oil Corporation v. Kloke Investment Company, No. 7239, in the district court of Stephens county, was one to quiet title to the oil and gas leasehold in question, and in said petition it was specifically alleged "in November, 1920, said Sioux Oil and Refining Company, owning about 32.29% of the seven-eighths working interest in said fifty-acre lease, executed what on its face purported to be an assignment to the defendant, Kloke Investment Company, as trustee." That said conveyance from Sioux Oil & Refining Company to Kloke Investment Company was security for certain improvements which Kloke Investment Company "had advanced or claimed to have advanced to the Sioux Oil & Refining Company;" that the mortgage or conveyance was of record in Stephens county, and forms a cloud upon the title of Banner Oil Corporation. The prayer in that petition was "that plaintiff (Banner Oil Corporation) have judgment cancelling and annulling all right, title or claim of Kloke Investment Company at any time held, asserted, or claimed by it against the fifty-acre oil and gas lease above described, and for judgment quieting this plaintiff's title to said fractional working interest in said oil and gas lease." Kloke Investment Company filed its answer, upon which it went to trial, and, among other things, says: "Further answering herein this defendant says that the assignment from the Sioux Oil & Refining Company to the defendant here is as mentioned in plaintiff's petition, was an assignment to the defendant herein as trustee, and that the title to the property as described in plaintiff's petition was conveyed to the defendant herein in trust. * * * That the defendant was merely a trustee and held the property described in plaintiff's petition in trust for the benefit of the parties loaning various sums of money to said Sioux Oil & Refining Company. * * * That this defendant is only a trustee and cannot bind said parties."

It was further alleged that the Sioux Oil & Refining Company had executed its note to various persons including Kloke Investment Company, J. A. Cavers, and others, and that suits had been instituted and were then pending in the district court of Wichita county for the foreclosure of their liens. It was also alleged "that said assignment above mentioned was made to this defendant to be held in escrow and collateral security to secure all loans made by and through the defendant to the Sioux Oil & Refining Company" and "that the defendant in this case was conveyed the property in controversy in trust for the purpose of securing valid liens of Henry Haubens, J. A. Cavers and many other individuals who had instituted suit in the district court of Wichita County, Texas, for the purpose of foreclosing their respective liens, etc., and that this defendant is only trustee."

At the conclusion of said trial, after a hearing upon the merits of the case, the court rendered a judgment in favor of Banner Oil Corporation and against the Kloke Investment Company and Kloke Investment Company, trustee, quieting title of the plaintiff, Banner Oil Corporation, in and to said leasehold estate, which judgment was dated January 27, 1927, and constitutes the judgment pleaded in this case in bar and as res adjudicata, and further adjudged that the plaintiff, Banner Oil Corporation, ought to have and recover from defendant, Kloke Investment Company, judgment in all things prayed for; that neither Kloke Investment Company, nor Kloke Investment Company, trustee, nor any one claiming under them now owns or has any right to assert any right, title or interest in or to the oil and gas leasehold estate created and existing by reason of that certain oil and gas lease dated June 10, 1915, and further

quieting title of the Banner Oil Corporation in and to an undivided 32.29 per cent. of the seven-eighths working interest in said lease.

It is now the settled rule in this state that when suit was filed in the district court of Stephens county, the jurisdiction of that court attached, with power to permit the pleadings to be amended and amplified, new parties to be made, to determine all essential questions, and do any and all things with reference thereto authorized by the Constitution and statutes of this state.

Since jurisdiction attached upon filing the suit in the district court of Stephens county, the rule is elementary that it could not be taken away or arrested by the subsequent proceedings in another court.

It, therefore, follows that the district court of Stephens county, having first acquired jurisdiction, may exercise it to dispose of the whole subject-matter of the litigation and adjust all the equities between the parties. Cleveland et al. v. Ward et al., 116 Tex. 1, 285 S. W. 1063.

The authorities announce two rules with reference to necessary parties in a suit involving the powers of a trustee.

In the case of Galveston, H. & S. A. Ry. Co. v. Butler, 56 Tex. 506, our Supreme Court says: "In Pomeroy on Remedies it is said: 'There is a broad distinction between the case of an action brought in opposition to the trust, to set aside the deed or other instrument by which it was created and to procure it to be declared a nullity, and that of an action brought in furtherance of the trust, to enforce its provisions, to establish it as valid, and to procure it to be wound up and settled. In the first case the suit may be maintained without the presence of the beneficiaries, since the trustees represent them all and defend for them. In the second, all the beneficiaries must be joined, if not as plaintiffs, then as defendants, so that the whole matter may be adjusted in one proceeding and a multiplicity of suits avoided. The reason of this distinction is obvious. It is that any one person interested in opposition to the trust has a right to test the validity thereof, and his voluntary action cannot be controlled by the will of others, while the trustees themselves are sufficient to represent and defend all the interests of those who claim under the trust. But when the trust is assented to and the purpose is simply to carry out its provisions, all the beneficiaries are alike interested in that object and in reaching that same result, and it is just to the trustee that the controversy should be ended in one proceeding.' See also Hallett v. Hallett, 2 Paige's Ch. 15; Egberts v. Wood, 3 Paige's Ch. 520 [24 Am. Dec. 236]; R. R. Co. v. Orr, 18 Wall. 473 [21 L. Ed. 810]; Kerrison v. Stewart, 93 U. S. 160 [23 L. Ed. 843]; Campbell v. R. R. Co., 1 Woods, 368 [Fed. Cas. No.

2366]; Galv. R. R. v. Cowdrey, 11 Wall. 478. 479 [20 L. Ed. 199]."

This record makes it plain, in our judgment, that the suit in controversy falls under the rule first announced by the Supreme Court above, and that the beneficiaries described in the conveyance to Kloke Investment Company, trustee, were not necessary parties in the Stephens county suit. In support of our view we cite the following authorities: Lyons-Thomas Hardware Co. v. Stove Mfg. Co., 88 Tex. 468, 27 S. W. 100; Ebell v. Bursinger, 70 Tex. 120, 8 S. W. 77; Kerrison v. Stewart, 93 U. S. 155, 160, 23 L. Ed. 843.

In the case of Kerrison v. Stewart, supra, the Supreme Court of the United States in its opinion holds that where a trustee represents his beneficiaries in all things relating to the trust property, they are not necessary parties to a suit against him by a stranger, to enforce or declare void the trust; that in such cases the beneficiaries, although not parties, are bound by the judgment, unless it is impeached for fraud or collusion between him and the adverse party.

After reviewing the authority conferred upon the trustee in such matters, the court says: "Undoubtedly cases may arise in which it would be proper to have before the court the beneficiaries themselves, or some one other than the trustee to represent their interests. They then become proper parties, and may be brought in or not, as the court in the exercise of its judicial discretion may determine. But this was very clearly not a case in which such action was required; and so all the parties evidently thought, while the litigation was progressing. The trustee, as well as Kerrison & Leiding, appeared, and vigorously resisted the decree asked for. The report of the case in Stewart v. Kerrison, 3 Rich. S. C. 266, to which we have been referred, shows that they were represented by the same counsel who appear here for the creditors, that the argument was full, and the judgment carefully considered. In addition to this, Paton & Co. and Hutton, who are among the creditors now resisting the decree, were named as parties to the suit, and might have appeared to defend, if they had been so inclined. They seem, however, to have been then content to leave their interests in the hands of the trustee, who certainly could present their defence if he would, and against whom no charge of neglect even is now made."

Again the court says: "It follows that the creditors are concluded by the decree of the State court; and that necessarily disposes of this case, without further inquiry as to the other important questions argued before us. The object of the suit in that court was to avoid the deed to Charles Kerrison, as against the judgment of Stewart & Co.; and

the decree was in accordance with the prayer of the bill. The validity of the judgment was necessarily involved in the suit; and the decree, as rendered, could not have been given except by establishing it."

The case of Kerrison v. Stewart, supra, has been approved and followed by a long line of authorities, both state and federal. 9 Roses Notes on U. S. Reports, p. 301, etc. Our Supreme Court, in the case of Lyons-Thomas Hardware Co. v. Stove Mfg. Co., 88 Tex. 484, 27 S. W. 100, 107, in an opinion by Judge Brown, said: "We believe that reason and authority sustain the proposition that, in a suit to set aside such an instrument, the beneficiaries in the deeds of trust were not necessary parties, and that the trustee represented all creditors for the purpose of sustaining the deeds under which he held for their benefit. Railway v. Butler, 56 Tex. 511; Ebell v. Bursinger, 70 Tex. 120, 8 S. W. 77; Kerrison v. Stewart, 93 U. S. 155 [23 L. Ed. 843]."

The question of fraud or collusion is not raised here.

The second rule above described, to the effect that if an action is brought in furtherance of a trust to enforce its provisions, to establish it as valid, and to procure it to be wound up and settled, that the beneficiaries described in the instrument are necessary parties, is sustained by the following authorities: Cotton v. Coit, 88 Tex. 414, 31 S. W. 1061; Hall v. Harris, 11 Tex. 300; Ebell v. Bursinger, 70 Tex. 120, 8 S. W. 77; Milmo National Bank v. Cobbs, 53 Tex. Civ. App. 1, 115 S. W. 345, and many others could be cited.

■ As to what is necessary to support a plea of res adjudicata, we recognize fully the rule announced in the case of Philipowski v. Spencer, 63 Tex. 605, and other decisions of this state. However, the rule stated therein is not so rigid or unbending that it does not have its exceptions.

In 15 R. C. L., § 483, it is said: "The courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment which may be rendered, as for example those who employ counsel in the case, assume the active management of the proceeding or defense, or who pay the costs and do such other things as are generally done by parties. In other words, by participating in the proceedings one is estopped by the judgment as to any questions actually litigated and decided therein."

The foregoing rule was cited and approved by our Supreme Court in an opinion by Chief Justice Cureton in the case of American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S. W. 908, 910, 37 A. L. R. 633. He said: "It appears to us that the judgment obtained in the suit of Miss Douglas Stough against the administrator may have been binding under the general rule on the indemnity company. In other words, that the indemnity company, in so far as making that judgment conclusive, was a party to that suit. It had a right to make the defense, control the proceedings, examine and cross-examine the witnesses, and though not technically a party, it was so connected with the litigation by its interest in the result and by its active participation that it is bound by the judgment."

The rule is clearly stated in 1 Freeman on Judgments (5th Ed.) § 435, as follows: "One illustration of this principle is seen in those cases where the persons affected have a common or general interest or are so numerous that it is inconvenient or impossible to make them all parties and their common situation and interest make it possible or their great number makes it necessary for one or more to represent all the others. Another illustration is found in those cases involving contingent interests in real estate, usually of persons not in being, wherein it becomes necessary in order that the property may be dealt with, for such interests to be represented by the holder or holders of some preceding vested estate. Still further illustrations are found in cases where a trustee or legal representative is deemed to sufficiently represent the interests of the beneficiaries of the trust or persons represented."

In the case of Long et al. v. Martin et al., 116 Tex. 135, 287 S. W. 494, 495, in an opinion by Chief Justice Cureton, the Supreme Court of Texas, says: "Besides, the rule that a valid judgment for a plaintiff is conclusive, not only as to defenses which were set up and adjudicated, but as to those which might have been raised inconsistent with the facts necessary to sustain the judgment, is one of universal acceptation. Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, 1070, and cases there cited."

In a very exhaustive opinion rendered by the Commission of Appeals in the case of Houston Oil Co. of Texas v. Village Mills Co., 241 S. W. 122, 131, after discussing the binding effect of judgments upon the parties interested, it is said:

"In this connection, we quote as follows from a very strong opinion by the United States Circuit Court of Appeals at New Orleans, delivered by Judge Pardee in case of Hauke v. Cooper, 108 F. 922, 48 C. C. A. 144:

" 'Neither the benefit of judgments on the one side, nor the obligations on the other, are limited exclusively to parties and their privies. Or, in other words, there is a numerous and important class of persons who, being neither parties upon the record nor acquirers of interests from those parties after the commencement of the suit, are nevertheless bound by the judgment. Prominent among these are persons on whose behalf and under whose

direction the suit is prosecuted or defended in the name of some other person. As is illustrated by the case of trustee and cestui que trust, the real party in interest cannot escape the result of a suit conducted by him in the name of another. The fact that an action is prosecuted in the names of nominal parties cannot divest the case of its real character, but the issues made by the real parties, and the actual interests involved, must determine what persons are precluded from again agitating the question, and who are estopped by the previous decision. Whenever one has an interest in the prosecution or defense of an action, and he, in the advancement or protection of such interest, openly takes substantial control of· such prosecution or defense, the judgment, when recovered therein, is conclusive for and against him to the same extent as if he were the nominal, as well as the real, party to the action."

In an opinion by Associate Justice Pierson, in case of Houston Terminal Land Co. v. Westergreen (Tex. Com. App.) 27 S.W.(2d) 526, 528, it is said: "It is not our purpose to hold or to support a view, sometimes contended for, that whenever in an action a party thereto might have pleaded a certain particular ground of recovery or of defense, but did not, he is precluded from setting up same in a subsequent suit between the same parties upon a different cause of action. But we do hold, in keeping, we think, with the well-established rule, that where an issue of fact is made in a suit which becomes necessary to and upon which the determination of the issues in that suit turned and rested, upon the establishment thereof by evidence in a subsequent suit between the same parties upon a different cause of action, such determination of the issue and the judgment based thereon in such former suit create an estoppel by judgment against the determination again of the self-same issue. Hanrick v. Gurley, 93 Tex. 479, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; James Birckhead et al. v. Wm. Brown et al., 7 N. Y. Super. Ct. 134; So. Pacific R. Co. v. United States, 168 U. S. 48, 18 S. Ct. 18, 42 L. Ed. 355; 34 Corpus Juris, § 1322."

It will be observed that in cause No. 7239, filed by the Banner Oil Corporation v. Kloke Investment Company in the district court of Stephens county, that after hearing the case upon its merits, the trial court rendered a judgment in favor of the Banner Oil Corporation against Kloke Investment Company, the effect of which we have already described; that no appeal was perfected from this judgment, and that the matters adjudicated thereunder became final.

■■ In determining whether or not the pleadings support the judgment, they must be taken as a whole, and the averments of both parties may be looked to and considered.

Lyon v. Logan, 68 Tex. 521, 5 S. W. 72, 2 Am. St. Rep. 511; Wright v. McCampbell, 75 Tex. 644, 13 S. W. 293; San Marcos Electric Light & Power Co. v. Compton, 48 Tex. Civ. App. 586, 107 S. W. 1151; Law Reporting Co. v. Elevator Co. (Tex. Civ. App.) 168 S. W. 1001; 33 C. J. p. 1144. The statement of the Kloke Investment Company in its answer that it did not answer therein as trustee or that it did not desire to represent the beneficiaries claiming under the assignment to that company as trustee, was not binding upon the trial court in disposing of the issues involved in that suit. American Indemnity Co. v. Fellbaum, supra; Chicago, R. I. & P. R. Co. v. Schendel, 270 U. S. 611, 46 S. Ct. 420, 422, 70 L. Ed. 757, 53 A. L. R. 1265; Freeman v. McAninch, 87 Tex. 132, 27 S. W. 97, 99, 47 Am. St. Rep. 79.

In the case of Chicago, R. I. & P. R. Co. v. Schendel, supra, the Supreme Court of the United States, says: "A judgment is as binding upon an unwilling defendant as it is upon a willing plaintiff."

In the case of Freeman v. McAninch, supra, Chief Justice Stayton says: "The plaintiff's title was put directly in issue by the defendant's answer in the former suit. It was the material and traversable matter in issue between these parties in that suit, and the judgment upon it is conclusive of that question in this suit. 1 Greenl. Ev. 528 et seq. It is not the less so because the defendant failed to produce any evidence of title on his part; otherwise, a party might avoid being concluded by the judgment, in any case, by withholding his evidence. The record of the judgment conclusively establishes that the title was in issue, and it was not competent for the defendant to impeach and contradict it by the introduction of parol evidence."

■ It is to be further observed that in passing upon the plea in bar filed by the Banner Oil Corporation in cause No. 17285-C, pending in the district court of Wichita county, Tex., the trial court heard testimony touching this plea, and found that the judgment rendered in the district court of Stephens county was a bar to the matters alleged in the district court of Wichita county, as against the Banner Oil Corporation. Under the well-recognized rule of law in this state, it is presumed that, in support of such judgment entered, all facts were found in favor of the Banner Oil Corporation and others involved in said judgment, which have any support in the evidence. The trial court under the law had the right to consider what had been done by all the parties in the district court of Stephens county with reference to that suit. He had the right to consider that Kloke Investment Company was a party to that suit; that its president was present and testified, and that its attorneys in that suit now represent the various parties in the suit pending in Wichita county, and taking all of those matters into consideration, the facts

raise the issues presented herein, and it was the province of the trial court to pass thereon.

The opinion of the Court of Civil Appeals involved the legal effect of the evidence considered as a whole. We disagree with the findings of the Court of Civil Appeals that the legal effect of the evidence was that the judgment entered in the district court of Stephens county in cause No. 7239 was not a bar to the suit instituted by plaintiffs in the district court of Wichita county, in so far as the rights of Banner Oil Corporation were concerned.

In our judgment, the evidence tends to support the judgment entered by the trial court in this case in the district court of Wichita county, and that the judgment rendered by the trial court in cause No. 7239, supra, in the light of the entire record, was an unequivocal judicial determination that the assignment or lease involved in that suit was canceled and annulled, and the rights of all the parties thereunder adjudicated.

The view we take of this case renders it unnecessary to consider the other questions discussed in the opinion of the Court of Civil Appeals.

For the reasons herein stated, we recommend that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the trial court be, in all respects, affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals is reversed, and that of the District Court is affirmed, as recommended by the Commission of Appeals.