**HOTEL MARKHAM, Inc., et al. v. BALL.**
No. 10419.

Circuit Court of Appeals, Fifth Circuit.

Nov. 6, 1942.

McCORD, Circuit Judge, dissenting.

Lester E. Wills and A. S. Bozeman, both of Meridian, Miss., and R. W. Thompson, Jr., of Gulfport, Miss., for appellants.

J. C. Floyd, of Meridian, Miss., and Giles J. Patterson, of Jacksonville, Fla., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The opinion and dissenting opinion filed when this case was here before state the material facts and contentions. Edward Ball et al. v. Hotel Markham, Inc., et al., 5 Cir., 120 F.2d 753, 757. A dismissal of Ball's petition was then reversed for further not inconsistent proceedings, the court's conclusions being thus summarized: "We think it clear that the committee [Bondholders Protective Committee] gravely abused its discretion in undertaking to issue ten-year refunding debentures and thus perpetuate their control for an additional ten-year term, and that the court erred in refusing to restrain that issue. We think it was further erroneous to dismiss their bill without giving fuller consideration to whether under all the facts plaintiffs should not have had the relief of delivery of their stock and surrender by defendants of their control at a time and under conditions to be fixed and determined by the court, or whether some other appropriate relief should not have been granted them." Thereafter in the District Court Ball filed a supplemental petition, setting up that the Committee were antagonistic to him, and seeking to perpetuate their control of the hotel corporation through their trust ownership of the stock, and he prayed a full accounting of their trust, injunction against their making any contracts about the property, and a distribution of the stock to the equitable owners. The Committee for themselves and the corporation answered by denials, and allegations that Ball was seeking to obtain control of a majority of the stock and to dominate the corporation for his own benefit, that all who held certificates of interest from the Committee were indispensable parties and the court could not proceed without them; that the Commit-

tee's management had been good and successful, and the intended refunding of the hotel company's debts was wise; that they had made efforts to sell the property, without success, and had concluded that conditions were not such as to make possible an advantageous sale of the trust property at that time, or at any time in the immediate future, and that the life of the trust should be extended so that an eventual sale might be made. The judge overruled the contention that other parties were necessary, heard evidence and by an informal opinion and findings of fact and law held that the opinion of this court was the law of the case so far as it decided the issues, but that it left open the matters indicated in the above quotation, as to which he found that there would be no advantage to the beneficiaries or the Committee to operate the hotel much longer, and he would direct the termination of the trust; that there was no relief appropriate to be granted other than the delivery to the beneficial owners of the stock and debentures held by the Committee, and that this should be done by a date fixed; and certain rulings were made as to the accounting which are not specified as error. The decree thereupon, signed on July 18, 1942, enjoined the Committee from conveying the hotel and from imposing further obligations on the corporation, and from issuing new debentures; it called in those which had been exchanged for old debentures and reinstated the old ones; it provided that the old debentures should not be enforced before July 15, 1943; and required the Committee to make an account and dissolve their trust, and deliver to each registered holder of the certificates of interest the stock and debentures of the hotel company to which he was entitled by Oct. 16, 1942, the date of the regular stockholders' meeting; and finally that a prescribed notice be at once published calling on all certificate holders to surrender their certificates and call for their stock and debentures, and to meet as stockholders on Oct. 16, 1942. Other details are not important. On an application for a stay pending appeal we have directed that the stockholders' meeting adjourn, without the transaction of any business, till Nov. 21, 1942.

We think the parties before the court are sufficient for the court to interpret the trust instruments and to decide

426

that the trust should be terminated. The plea of absent parties does not give their names and residence for service, but it is said that they can be discovered in the evidence. This failure of proper pleading would make no difference if the absent parties are really indispensable. We think that in as much as there is no issue to be decided about the rights of the beneficiaries inter sese, but only about the meaning of the deposit agreement which they signed and of the declaration of trust which the Committee signed, and the powers of the Committee under them, the Committee as trustees are the proper parties to represent the trust. Only confusion would result in such a case by attempting to bring in all the bondholders or other beneficiaries under the trust, and it is not commonly done. Kerrison, Assignee, v. Stewart, 93 U.S. 155, 23 L.Ed. 843; Green v. Brophy, 71 App.D.C. 299, 110 F.2d 539; Mercantile Trust Co. v. Schafly, 8 Cir., 299 F. 202. Moreover, there are many certificate holders who have been allowed to intervene, some in support of the stand taken by Ball and some of that taken by the Committee. Three of the Committee are certificate holders, and they have pleaded both individually and as Committeemen. The issues on both sides have been fully presented by those interested to maintain them. The certificate holders are numerous, and if necessary parties they might well be considered a class, and those actually before the court could have been designated to represent the class or classes. In substance they have represented all. We think the certificate holders are adequately represented by their trustees and by those of them actually before the court as parties.

 The judge, as shown by his opinion, correctly analyzed the former opinion of this court, and did not hold himself foreclosed on any issue that was left open. He exercised his independent judgment as to whether there was any use of further protracting the trust to make a sale, and as to the time the trustees should have to wind up their affairs, and as to the time the stockholders should have to adjust their management of the corporation before any suit or foreclosure on the debentures might be begun, giving therefor a full year. The majority opinion of this court was the action of the court. While not absolutely binding on this appeal as the law of the case

(Seagraves v. Wallace, 5 Cir., 69 F.2d 163, 165; Atchison, T. & S. F. R. Co. v. Ballard, 5 Cir., 108 F.2d 768) we find no such manifest error in it as ought to move us to reconsider it. The dissent indeed went mainly on the point that the Committee ought to have more time to make a sale, and they have had about a year since, and no sale is in sight. The majority of the court as now constituted think the opinion should stand.

 Apprehension that Ball as majority stockholder will dominate the corporation for his own ends does not appear to be justified by the evidence. If he should attempt this hereafter, the minority stockholders will have their usual recourse to the courts to prevent it.

Our stay order heretofore granted permits the stockholders' meeting to proceed on Nov. 21, 1942. The decree in all respects is affirmed.

McCORD, Circuit Judge, dissents.